NEW-YORK,
May, 1806.

Livingston
v.
Bishop & others

### John Livingston *against* Bishop.
### Same *against* five other defendants.

If separate suits be brought against several defendants for a joint trespass, the plaintiff may recover separately against each, but he can have but one satisfaction : and he may elect *de melioribus damnis*, and issue his execution therefor against one of them ; and the other defendants will be obliged to pay the costs of the suits against them respectively.

THE plaintiff brought separate actions of *trespass* against the defendant, and five other persons for a joint trespass.—— The defendant was the principal trespasser, and the other defendants acted as his servants. Pending the suits, and before trial of either of them, the counsel on both sides entered into a written agreement, that the defendant, *Bishop*, should, upon the trial of the cause against him, be considered as answerable for the whole trespass committed by all the defendants : and in case a verdict should be found against him, and this court should be of opinion that the plaintiff would be entitled to costs in the other suits, after a trial and recovery against *Bishop*, as a joint trespasser, for the whole damages, then the other defendants were to pay the costs of their respective suits, otherwise not. The cause, afterwards, proceeded to trial, and a verdict was found against *Bishop*, the defendant, on which judgment was entered up, and an *execution* awarded, which has been paid and satisfied.

This case was submitted to the court, without argument.

KENT, C. J. On looking into the books with a view to this question, I was surprised to meet with so much contradiction, and uncertainty on the subject. The cases are not all capable of being reconciled to each other, and some of them appear to me not reconcileable with reason. It is, however, a proposition that is not controverted, but every where admitted, that for a joint trespass, the plaintiff may sue all the trespassers jointly, or each of them separately, and that each is answerable for the act of all. It would seem to result from this doctrine, that a trial and recovery against one trespasser, is no bar to a trial and recovery against another. If there can be but one recovery, it is in vain to say, that the plaintiff may bring separate suits, for the cause that happens to be first tried, may be used by way of plea *puis darrein continuance*, to defeat the other actions

that are in arrear. The more rational rule appears to be, that where you elect to bring separate actions for a joint trespass, you may have separate recoveries, and but one satisfaction, and that the plaintiff may elect *de melioribus damnis*, and issue his execution accordingly ; and that where he has made this election, he is concluded by it, and that if he should afterwards proceed against the other defendants, they shall be relieved on payment of their costs.— This is agreeable to the rule laid down in Sir *John Heydon's* case, (11 *Co. 5.*) where, in trespass against several, one appeared and plead not guilty to a declaration against him with a *simul cum*, &c. and afterwards, another appeared, and plead not guilty to a like declaration, whereupon separate *venires* issued, and the issues were separately tried, and separate and different damages assessed, and the court resolved that the plaintiff had his election of the different damages assessed, which should bind all, and that there should be but one execution.

The case of *Brown* v. *Wotton*, (*Yelv.* 67. *Cro. J.* 73. *Moore*, 762.) stands, however, opposed to this view of the subject, and it merits some attention. That was an action of *trover* for certain goods, and the defendant plead a judgment and execution in behalf of the plaintiff, against one *I. S.* for the same goods, and the plea was held good. The court took a distinction, between a demand and recovery of a thing certain, and of a thing uncertain, and they held that in the first case, as where two are bound jointly and severally in a bond, a recovery and execution against one was no bar against the other without satisfaction, but where the demand rests only in damages as in trespass, a recovery and judgment against one was a bar against the other, for the uncertain demand is now made certain by the judgment, and the plaintiff shall not resort to the uncertain demand again. In this case there was a judgment and *execution* in the first cause, and so far, therefore, as the opinion of the court goes to declare that a judgment alone constituted a bar, the opinion was extrajudicial. The principle, however, which the court went upon, between a demand for a thing certain

NEW-YORK,
May, 1806.

Livingston
v.
Bishop & others

and a thing uncertain, applied equally to both cases ; and yet afterwards in the case of *Claxton* v. *Swift*, (3 *Mod.* 86. 2 *Show,* 484.) which was an action of *assumpsit*, and, according to the forms of law, equally sounding in damages, the court held that a recovery without satisfaction against the drawer, was no bar to a suit against the indorsor of a bill. The principle of the first case may be considered, therefore, as in some degree shaken by this latter decision, for in the language of the case of *Brown* v. *Wotton*, " the thing uncertain is in both instances made certain by the judgment, and altered and changed into another nature."

This case of *Brown* v. *Wotton*, was clearly introductory of a new rule. It is laid down in *Brooke,* (Judgment. Pl. 98.) that if two commit a trespass, I can have several actions against them, and recover the entire damages against each, and have execution ; and one defendant cannot plead that the plaintiff hath recovered against the other for the same trespass, and taken him in execution. And in *Morton's* case, *(Cro. Eliz.* 30.) it was even made a question by one of the judges, whether a judgment and execution, with satisfaction, against one joint trespasser, could be plead by another trespasser ; but the court held it reasonable that it should be a bar. And many cases subsequent to that of *Brown* v. *Wotton,* seem to disregard it, and to make the satisfaction against one trespasser the test of the plea. Thus in *Cocke* v. *Jenner, (Hob.* 66.) the court held, that if trespassers be sued in several actions, the plaintiff may make choice of the best damages, but that when he hath taken one satisfaction he can take no more, and if he attempt it, an *audita querela* will lie. Again, in the case of *Corbet* v. *Barnes, (Wm. Jones,* 377.) the court said, that for one assault, the plaintiff can have several actions, and recover ; but, when recovery is had against one and satisfaction, the plaintiff cannot have a second satisfaction, any more than where separate suits are brought upon a joint and several obligation.— So late as the case of *Bird* v. *Randall*, (3 *Burr.* 1345.) Lord *Mansfield* advanced the same doctrine, and observed, that in case of a joint trespass, the defendants were all liable to the plaintiffs, and he might proceed against any, or all of

them, as he pleased, yet he shall have but one satisfaction from them all.

I am, therefore, inclined to question the extent of the decision in *Brown* v. *Wotton*, and to hold that a recovery against one joint trespasser, is not alone a bar to a suit against another. There must at least be an execution thereon, to bring a case within the facts on which that decision was founded, and that, perhaps, may be deemed an election by the plaintiffs, *de melioribus damnis*, and sufficient to conclude him. The trial and recovery in the present case was, therefore, no bar to the other suits which were pending, and I conclude that the plaintiff is entitled, under the agreement, to the costs of the other suits. In the analogous case of a recovery in separate suits against the drawer and indorsor of a note, the costs of both suits were to be paid. *Windham* v. *Wither, Str.* 515. Our statute (*Laws*, vol. 1. 354.) allows a recovery of costs in one of the suits only, but this statute was an alteration of the former law, and it does not apply to suits in trespass. The case of a *unica taxatio damnorum* is, where the trespassers are sued jointly, and they sever in their pleas, and separate damages are assessed, and the reason of this is, that in judgment of law the several juries give but one verdict at one time. (10 *Co.* 117, *a.* 11 *Co.* 7, *a.*) There is no case that I have met with, that requires a single taxation of costs where there are separate suits in trespass, or that excludes the plaintiff from his costs in all the suits in this case, any more than in the case of separate suits on one obligation, antecedent to our statute. The fact annexed to the case, that execution had been issued, and satisfaction received of the judgment against *Bishop*, is not material, as the present question arises upon the agreement.

The opinion of the court, accordingly, is, that the plaintiff is entitled to his costs in each of the suits, up to the time of the agreement, together with the costs of the present application.

THOMPSON, J. and TOMPKINS, J. concurred.

LIVINGSTON, J. and SPENCER, J. gave no opinion.

Rule granted.