The opinion of the Court was delivered by
Johnson, J.
It will not be questioned, that a plaintiff may bring joint, or several actions of trespass, against joint trespassers ; and if they are all joined in the same action, they may sever in their defence ; and if they do, that the jury may find damages as to each defendant. Upon the first view of this case, I was disposed to think, upon the same principle, that when several actions were brought, the jury might, and probably would assess damages according to the part that each defendant took in the trespass ; and that a recovery against one, could in no event be a bar to an action against another for the same trespass, but might be given in evidence, in mitigation of damages; so that in effect, the plaintiff would have but one satisfaction for the injury. But the very able opinion of Chief Justice Kent, delivered as the opinion of the Court, in the case of Livingston v. Bishop, et al., (1 John. Rep. 290,) and the respect due to the undivided opinion of my brethren, have induced me to doubt the correctness of the conclusion.
It is unreasonable, that a party should have more than one satisfaction for the same injury; and although there may be several wrong-doers, and the party injured may maintain actions against them severally, yet, eachis liable for the whole entire damages sustained; and the law, abhorring a multiplicity of actions, will presume, that the jury in any one of the_ actions would give him damages to the extent of the injury, and !l ^01’^^s that he should prosecute a further remedy, after there has been a satisfaction. But until there is a satisfaction of the damages assessed, a recovery could not operate as a bar to an action against another of the joint trespassers; because it is possible, from the insolvency of the first defendant, and various other causes, the plaintiff might never be able to obtain his redress. It was therefore clearly incumbent on the defendant to have averred a satisfaction, in his plea of former recovery.
Crenshaw, for the motion; O'Neal, contra.
The true rule, I take to be this; if there has been a recovery against one of several joint trespassers, the plaintiff may proceed against the the others, until there is a satisfaction of the damages recovered against some one of the defendants; and if he elect, as he may, to proceed to the satisfaction of any one of the judgments, the Court will, on the payment of costs in the other cases, order satisfaction to be entered on all the judgments ; and if the satisfaction is made pending any of the actions, the Court will, on payment of costs, stay further proceedings in them.
It follows, therefore, that the decision of the Circuit Court must be reversed; but that under the circumstances of the ease, the defendant may have leave to amend his plea.
Colcock, Nott and Cheves, JJ., concurred.
Gantt, J., dissented.