Opinion of the court, by
Judge Sherman :
The only point presented by the pleadings is whether a judgment recovered by the plaintiff, against one joint trespasser, is a bar to an action brought against another for the same trespass. I am aware that the authorities on this subject are by no means clear or reconcilable. An examination of the English reports will show that though there is no modern case where the precise question made by this plea has been adjudicated upon, yet the principles upon which it rests have be.en often discussed. In Bird v. Randell, 3 Burr, 1355, Lord Mansfield observed that in case of joint trespass the defendants were all liable to the plaintiff, and he might proceed against one or all of them, as he pleased, yet he shall have but one satisfaction from all. In Drake v. Mitchell et al., 3 East, 251, Lord Ellenborough says: “ I have always understood the principle of transit in rem judicatem to relate only to the particular cause of action in which the judgment is recovered operating as a change of remedy, from its being of a higher nature than before. But a judgment recovered in any form of action is still but a security for the original cause of action, until it be made productive in satisfaction to the party; and therefore, till *then it can not operate to change any other collateral concurrent remedy, which the party may have.”
That each joint trespasser is answerable for the acts of all, and that the plaintiff may pursue his remedy against one or all, is un* *47 questioned. He is entitled to a compensation in damages for the injury he sustained by the commission of the trespass. This compensation he may recover from one or all of the joint trespassers. His remedy against them severally is concurrent, and they are quasi collateral security for each other until the plaintiff has obtained satisfaction. It would seem'to follow, from this doctrine, that a recovery of a judgment against one joint trespasser would be no bar to a suit and recovery against another.
If a judgment, against one of several joint trespassers, is of itself a bar to all legal proceedings against the others, it will, in a great degree, deprive the plaintiff of his right of bringing several suits, and of his election de melioribus damnis, as each defendant, except in the suit first tried, may plead puis darrien continuance, the recovery in that suit as a barato the plaintiff’s further proceeding, thereby limiting the plaintiff to the recovery of a single verdict, and subjecting him to the payment of costs in all the suits but the one first tried.
If a joint action be brought against all the trespassers they may sever in their pleas, and the several issues made may be tried by different juries, and separate and different damages assessed; and the plaintiff has his election of the damages so assessed, which shall bind all the defendants. Haydon’s case, 11 Co. 5.
The case of Brown v. Wooten, Yelv. 67; Cro. Jac. 73, is the only one I have been able to find in the English reports, where a plea of a former recovery against a third person for the same injury, without an averment of satisfaction, was held good. That was an action of trover for goods; the defendant pleaded a judgment and execution, in favor of the plaintiff, against one J. S. for the same goods, and the plea was sustained. In Livingston v. Bishop et al., 1 Johns. 290, Chief Justice Kent, speaking of the case of Brown v. Wooten, says it is clearly introductory of a new rule, and *cites Brooke, Judgment, pl. 98; Morton’s case, Cro. Eliz. 30, and that many cases subsequent to that seem to disregard it, and make the satisfaction against one trespasser the test of the plea. In Brown v. Wooten, the plaintiff had sued out his execution on the judgment against J. S., and if that is to be considered an election by the plaintiff de melioribus damnis, it will conclude him from pursuing the other joint trespassers. But, in the case at bar, the plaintiff has not issued an execution on the judgment recovered by him, or done any other act from which it would be inferred he had elected *48 the damages recovered by the verdict and judgment mentioned in the plea.
The Court of Appeals, in Virginia, has decided that a verdict and judgment against one of several joint trespassers was a bar to a recovery against the others. 1 Hen. & Munf. 488; 2 Hen. & Munf. 355.
The Supreme Court of New York, in Livingston v. Bishop et al., 1 Johns. 290, determined that a recovery against one joint trespasser is not a bar to a suit against another, and this decision has been adhered to by the same court in a number of subsequent cases.
When the authorities present so much uncertainty and contradiction on the subject, the court feel themselves at liberty to adopt that rule which to them appears most consonant with reason and justice. And the rule which appears the more rational to the court, and in accordance with 'the general principles of law applicable to the action of trespass, is, that the plaintiff may elect to bring separate actions for a joint trespass, and may have separate verdicts and judgments, but that he can have but one satisfaction. This will preserve to the plaintiff the right, which all the authorities admit he has, to bring a joint suit against all or a several suit against each joint trespasser; and, also, secure to him his election de melioribus damnis.
The opinion of the court, accordingly, is that the plea in bar is insufficicient, and the demurrer thereto sustained.†

NoTE by the Editor. — As to joint trespassers, see also v. 250. As to contribution by, see xviii. 1, and cases; ii. 89.