O’Neall, J.
delivered the opinion of the Court.
For a joint trespass, or other injury ex delicto, which may legally arise from the joint act of two or more, the party injured has the right to sue all the wrong doers jointly, or severally, as he may think proper. If he brings separate actions against each of them, a recovery against and satisfaction of the damages by one, will upon the payment of the costs in the other cases, bar a further recovery in them. Hawkins v. Hatton and wife, 1 N. & M. 318. Livingston v. Bishop, 1 Johns. 290. In the case before us, if the injury complained of, could in legál contemplation have resulted from the joint act of the husband and wife; the plea would have been bad, as it did not aver satisfaction of the recovery had in the case against the husband and wife, and a payment, or tender of the costs in this case.
*412 But, in legal contemplation, the husband and wife could not jointly do any act, for which the plaintiff could maintain an action against them. If the act of the wife was done in the presence, or by the consent of the husband, it would be held to be his act, and for it, he alone is liable. To sustain the action against husband and wife, it must appear that the wrong, complained of, was the separate act of the wife. The recovery in the former case then, could not have been for the joint act of husband and wife, but for her own wrong. If the plaintiff have any cause.of action against the husband, it must be for his own and not his wife’s wrongful act.
The demurrer was properly sustained; and the motion to reverse .the decision of the Circuit Judge is refused.