Catron, Ch. J.
delivered the opinion of the court.
The deputy sheriff was recovered against, on the allegation of an express promise to pay the money collected to the creditor, but there was no satisfaction of the judgment.
The principal sheriff was originally liable to the action of the creditor, and the question is, did the recovery against the deputy bar that right of action ?
For the defendant, it is insisted, that upon the contract with the deputy he became bound, and though the plaintiff had the right to sue either principal or deputy, having made his election he is bound by it.
This position is rested on the case of Brown vs. Walton, (Cro. Jac. 73,) which was an action of trover for goods, and the defendant pleaded a judgment in behalf of the plaintiff against one J. S., for the same goods, without averring satisfaction, and the plea was held good.
This case, in Cro. Jac., is attempted to be met on the other side, with what is said in Livingston vs. Bishop, (1 John. Rep. 290,) where its authority is questioned. This we apprehend to have been hastily done. When trover is brought and recovery had, the right of the property sued for is vested in the defendant; the plaintiff having no right of property, of course no remedy exists for a conversion by another. 6 Co. 45: 1 Com. Dig. 230: Hostler vs. Skull, Taylor’s Reports, 152: 1 Chit. Pl. 48.
Yet this'furnishes no rule to govern the present cause Christian had no title to property confirmed in him, by *508 the recoveryagainst Mading, and was liable for the demand, as if he had been the maker of a bill, and Mading the endorser, in which case a recovery without satisfaction is no bar. 1 Com. Dig. 234, action L, 4. The general rule is, that where several are jointly liable, or separately, as in this instance, a recovery against one, is no bar to a suit against any other, before satisfaction of the first judgment. 1 John. Rep. 290. The present cause falls within this rule. The judgment will be affirmed.
Judgment affirmed.