Green, J.
delivered the opinion of the court.
In this case the counsel for the plaintiff below requested the court, among other things, to charge,
“That if the notary public and the holders of the note were ignorant of the place of residence of the defendant, at the time it became due, and used due diligence to ascertain the same, and notice was then sent to the post office believed to be nearest, according to that information, it would be sufficient, although it might turn out, in point of fact, that they were mistaken.”
This charge the court refused to give, but told the jury, in the conclusion of the charge, that “it was the duty of Nichol, Hill & Co. to have known where Bates lived, and given information to the notary; that wrong information in this case, would not excuse.”
We are of opinion that the court erred in this charge to the jury. Personal knowledge, on the part of the holder of a bill, of the place of residence of an endorser, cannot, in many cases, be obtained. The party must of necessity rely on the information of others. If it were to be settled as the law, that although the holder of *308 a bill may have sought diligently to ascertain from the most correct sources the residence of an endorser, and the post office to which his residence is nearest, nevertheless, if his information should be erroneous, and upon such wrong information he should direct the notice to the wrong post office, it is to be considered as no notice to the endorser, who is thereby released, the circulation of negotiable paper would be very much restricted, and commerce would seriously suffer. But such is not the law, although in the case of Davis vs. Williams, in Peck’s Reports, some strong language is used, lending to such a conclusion; yet we are to understand it in reference to the facts of that case, and not as assuming the general principle, that the holder is bound to know the residence of the endorser, and the proper post office to which the notice should be directed. In the case of Chapman vs. Lipscombe and Powell, (1 John. Rep. 292,) the endorser lived in Petersburg, Virginia, the bill being payable in New York, where it was protested for non-payment. The clerk of the notary enquired at the Banks and elsewhere, for the residence of the endorser, and was informed they resided at Norfolk, [IVirginia, and the notice was sent to them at that place. The court say, “this is sufficient, and all that ought to be required. He has used due diligence.” It is also laid down in Chitty on Bills, 213, 214, that where the residence of the endorser is unknown, a notice sent to a wrong post office will be sufficient, provided due diligence be used to ascertain the right placp. So this court held in the case of Dunlap vs. Thompson and Drennen (5 Yerger’s Rep. 67.
But it is said this doctrine will apply where the residence of an endorser is uncertain, not where it is fixed and known. There is no such distinction in the books. I suppose in the case of Chapman vs. Lipscombe and Powell, the residence of the defendants was fixed at Petersburg, and, by those acquainted with their place of *309 residence, was known to'be there; nevertheless, it being unknown to the plaintiff, and due diligence having been used to ascertain it, the notice to Norfolk was deemed^ sufficient.
It is insisted in the argument, that although the charge of the judge may. have been incorrect, had the language been used without reference to the 'particular facts of this case, yet that when applied to the case in this record it is not erroneous because the proofs do not show that the plaintiffs below used due diligence to ascertain the residence of the defendants, which information might have been easily obtained, and not having done so, wrong information would not excuse, but the plaintiffs were bound to know where Bate lived.
According to this argument, the court took the cause entirely from the jury, and decided the whole cause, the fact as well as the law. This would have been error. The fact whether there had been due diligence used to ascertain the residence of the defendant, was a matter for the jury to determine from the evidence; the question of law, whether if due diligence were used to ascertain the residence, and if in consequence of misinformation, the notice were sent to a wrong place, it would be sufficient, was to be determined by the court. The charge is therefore wrong, whether it be understood as assuming the abstract principle, that a holder of a bill is bound to know the residence of the endorser, and that wrong information, upon diligent enquiry, will not excuse; or whether the judge intended to assume, that in this case due diligence had not been used, and that therefore, the wrong information received would not excuse.
It is not necessary to determine, whether the evidence in this record presents a case where the plaintiff used due diligence or not, it is enough that there was evidence upon the point before the jury; that the question of fact was fairly made, and that it ought to have been left to the jury upon a proper charge.
*310 The judgment ought, therefore, in my opinion, to be reversed, and the cause, remanded for another trial.
Peck, J. concurred.
Judgment reversed.