THEODORE HOPKINS *versus* MOSES HERSEY.

20   449
87   264

A judgment in trover without satisfaction against one trespasser, is no bar to an action against another person for a distinct trespass upon the same property, committed at a different period and not jointly, although a writ of execution may have issued upon the judgment.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Trover for a pair of oxen. The parties agreed upon a statement of the facts.

The plaintiff was owner of the oxen and leased them to William Barton and Levi Annis; William Barton sold them to Joseph Barton, Joseph Barton to Justus Hersey, Justus Hersey to the defendant, and the defendant to John Chapman. All these sales were made prior to the commencement of this action. William Barton had no authority to sell the oxen, and the plaintiff has never assented to that or any subsequent sale of them, and never parted with his property in them, unless by operation of law from the further facts to be stated.

This suit was commenced April 5, 1838. The plaintiff brought an action of trover for the oxen against Chapman, who had purchased them of the defendant and then claimed to be the owner of them, and at the October Term of the Court of Common Pleas, 1837, recovered judgment against him for the value of the oxen. After the commencement of this suit, June 20, 1838, an execution was issued on that judgment, and delivered to an officer for collection who returned it in no part satisfied, and the judgment has never been satisfied or discharged. The defendant commenced a suit against Joseph Barton to recover the money paid for the oxen by the

defendant; then the defendant told Barton he would discharge the suit, if he would settle with Chapman and pay him, and thereupon Barton did settle with Chapman, and the defendant discharged Barton. The suit against Barton was brought after the plaintiff had claimed the oxen, and after he had recovered judgment against Chapman. The demand on the defendant was made after his sale to Chapman.

If the Court should be of opinion, that the plaintiff was not entitled to maintain his suit, he was to become nonsuit, but if entitled to recover, the defendant was to be defaulted.

The district Judge decided, that the action was maintained; and, as the law then was, the case could not be carried to this Court by appeal, the defendant filed exceptions.

*W. Kelly*, for the plaintiff, said that the question submitted in this case was, whether the plaintiff had lost his remedy by bringing an action of trover against another trespasser, and recovering judgment against him, without satisfaction, the trespasses being several and not done in concert. There is a decision in this State, 5 Greenl. 147, intimating that a judgment and execution issued thereon would be a bar. Here no execution had issued, when the suit was brought. This case does not therefore fall within that decision. The decision however was founded on an English decision, which has since been overruled. The weight of authority is decidedly in favor of the position, that a judgment for damages against one trespasser, without satisfaction, is no bar to a suit for a distinct trespass to the same property by another trespasser.

Selling the oxen was a conversion, and no demand was necessary.

*W. G. Crosby*, for the defendant, contended that a judgment in trover, if execution be sued out thereon, though without satisfaction, is a bar to an action of trespass afterwards brought by the same plaintiff against another person for taking the same property. *White* v. *Philbrick*, 5 Greenl. 147, and cases cited in the opinion of the Court. 3 Stark. Ev. 1507.

There was no tortious taking in this case, and the demand on the defendant and his refusal, were no evidence of a con-

version, because the property was not then in his possession. 1 Camp. 439 ; 3 Stark. Ev. 1497.

The case shows that the plaintiff leased the oxen to Barton and Annis, but does not say for what time. The oxen then were rightfully in their possession, and the plaintiff had no right to the possession of them until a demand. At the time the defendant sold them, the plaintiff had done no act which revested the possession in him, and the demand on the defendant after he sold them was a mere nullity. *Vincent* v. *Cornel*, 13 Pick. 294.

The opinion of the Court was by

WESTON C. J. — Whether a recovery, by judgment in trespass or trover, of the value of a chattel, does by implication of law amount to a transfer of title to the defendant, or those who held under him, without payment or satisfaction of the judgment, is a question, in regard to which there is a conflict of authority. *Brown* v. *Wotton*, Cro. James, 73 ; *Adam* v. *Brougton*, 2 Strange, 278 ; *Murrell* v. *Johnson*, 1 Hen. & Munf. 450, and *Floyd* v. *Browne*, 1 Rawle, 121, establish the position, that a change of title is effected by the judgment, without satisfaction. And the law is so laid down in 1 Chitty's Pl. 76, and in 3 Dane, c. 77, art. 1, § 2. That satisfaction of the judgment, is what constitutes a bar of another action, is deducible from *Moreton's* case, Cro. Eliz. 30, from *Curtis* v. *Groat*, 6 Johns. 168 ; *Osterhout* v. *Roberts*, 8 Cowen, 43, and *Sanderson* v. *Caldwell*, 2 Aiken, 195. And this opinion is sustained by Sergeant Williams in his notes, 2 Saund. 148, b. And in the Touchstone it is said, that if one recovers damages of a trespasser for taking his goods, the law gives him the property of the goods " because he hath paid for them," Shep. Touch. title Gift. Chancellor Kent holds it to be the more authoritative and reasonable opinion, that a collateral concurrent remedy is not barred, until satisfaction is obtained ; although he admits that it yet remains an unsettled and vexed question. 2 Kent's Com. 387.

The subject is discussed at some length in *White* v. *Philbrick*, 5 Greenl. 147. It was there decided that a judgment in trover, if execution be sued out thereon, though without satisfaction, is a bar to an action of trespass afterwards brought by the same plaintiff against another person, for the same taking, which was the foundation of the action of trover. This was decided upon the ground, that although co-trespassers are severally liable to the action of the party injured, yet when he obtains judgment against one of them, and *sues out execution*, this is an election *de melioribus damnis*, and bars him from proceeding against the others. Kent C. J. in *Livingston* v. *Bishop*, 1 Johns. 290, intimates that such might be the effect of suing out execution, as does Thompson J. in *Thomas* v. *Rumsey*, 6 Johns. 26.

In the case of *Osterhout* v. *Roberts*, before cited, although the Court hold that it is satisfaction of the judgment which transfers the property, they approve of the intimation in 1 Johns. 290, that a several judgment against one joint trespasser is no bar to a recovery of judgment against another ; but if the plaintiff has made his election, by suing out execution, he shall not proceed against another. But in that case the Court say further, " this does not impair, or in the least interfere with the principle, that when a recovery is had against a party, not a joint trespasser, either in an action of trespass or trover, nothing short of satisfaction will change the property of the article, for which damages are sought to be recovered." In *White* v. *Philbrick*, the defendant was a co-trespasser with him against whom the former judgment was rendered, and the decision there is limited to co-trespassers.

In this case, the several persons, who interfered with the plaintiff's property, as appears by the exceptions, did so successively, at different periods, not jointly at the same period. The defendant, when he purchased and took possession of the plaintiff's oxen, without right, became thereby liable to be charged in trover by the plaintiff. So did Chapman, who afterwards purchased and received them of the defendant.

And we are of opinion, that the judgment, in favor of the plaintiff against Chapman, although a writ of execution has issued thereon, is no bar to the present action.

*Exceptions overruled.*