## Robert M. Todd *vs.* The Old Colony and Fall River Railroad Company.

If a passenger who is travelling in and seated by an open window of a railroad car receives an injury from the swinging of an unfastened door of a car which has been left by another railroad company standing upon a track parallel with that over which he is riding, an award in his favor against the company by which the stationary car was left in its position, which has been returned into the superior court in compliance with the terms of the submission, and is still pending therein, without entry of judgment thereon, is no bar to an action by him for the same injury against the company in whose car he was riding, although the costs of the arbitration have been paid by the company against whom the award was made.

A railroad company which carries a passenger without fare by consent of its superintendent, and the conductor of the train, is liable for an injury sustained by him through the want of due and reasonable care in performing its duty.

A traveller in a railroad car cannot recover damages against the railroad company for a personal injury sustained wholly or in part by reason of allowing his arm or elbow to be outside of the window.

Tort to recover damages for an injury received by the plaintiff while travelling as a passenger in the defendants' cars.

At the trial in this court, before *Metcalf*, J., it appeared that the defendants' road was located through land and parallel with a track of the Boston and Worcester Railroad Corporation, and that while the plaintiff was travelling in a passenger car of the defendants, and seated by an open window, the door of a freight car, which had been left by the Boston and Worcester Railroad Corporation standing upon their track, being unfastened, swung round and struck the plaintiff's arm with its projecting hasps and caused the injury complained of. The plaintiff was riding by permission of the superintendent of the defendants' road, and the conductor of the train, without paying fare.

The plaintiff had heretofore claimed damages of the Boston and Worcester Railroad Corporation for the same injury, and his claim was referred to arbitrators, who made an award in his favor, for $1000 and costs, which was duly returned into the superior court for Suffolk county in compliance with the terms of the submission, where it was opened, filed and entered, and is still pending, no further action having been had thereon.

The costs of the arbitration were paid by the president of the Boston and Worcester Railroad Corporation.

The defendants' counsel contended, on the evidence, that it appeared that the plaintiff's arm, when it was struck and injured, was outside of the window of the car; and asked the court to instruct the jury as follows: 1st. That the award between the plaintiff and the Boston and Worcester Railroad Corporation operated as a bar to the plaintiff's claim upon the defendants. 2dly. That if the jury believe that the plaintiff's arm or elbow was out of the window of the car in which he was riding at the time when it was struck by the car door, or hasp upon it, of the Boston and Worcester Railroad Corporation, this of itself was such a want of due care on the part of the plaintiff that he cannot recover. 3dly. That if the plaintiff was riding free of charge and by courtesy in the cars of the defendants, at the time of the accident by which he was injured, the defendants were not bound to observe the same degree of care and diligence towards the plaintiff as towards a passenger who paid fare.

The judge instructed the jury that the award was no bar to the present action; and that, although the plaintiff was riding without paying fare, the defendants, under the circumstances, were bound to the same degree of care and diligence towards him as if he had paid fare; and left it as a question of fact for the jury, if they should find that the plaintiff's arm or elbow was outside of the car window when it was struck, whether he was using the care incumbent on him as a passenger.

The jury returned a verdict for the plaintiff, with $2000 damages, and the defendants alleged exceptions.

*H. C. Hutchins*, for the defendants.

*J. J. Clarke*, for the plaintiff.

BIGELOW, C. J. 1. The award offered by the defendants constitutes no bar to the present action. It settles nothing conclusively between the parties. It is still open to revision by the court to which it was returned, and may be set aside or adjudged void for any good cause. It can have no greater effect than a verdict of a jury It operates neither as a satisfaction nor as a judgment. Assuming, without deciding, that a judgment for a

personal injury against one of two joint tortfeasors would be a bar to an action against the other, there is no good reason for the position that the pendency of an action against one should operate as a bar to the maintenance by the party injured of a separate action against the other. The rule is well settled, that co-trespassers are jointly and severally liable, and that separate actions may be maintained against them for their wrongful acts Until a judgment against one has been obtained, it is uncertain whether the party injured will be able to maintain more than one action. Clearly, it is no defence to show that another person committed the alleged wrongful acts in company with the defendant. It is difficult, therefore, to see how his liability is affected by the fact that his co-trespasser is sued for the same act in another action. The *dictum* of Lord Ellenborough in *Boyce* v. *Douglas,* 1 Camp. 62, cited in 1 Chit. Pl. (6th Amer. ed.) 101, is not supported by the authorities, and is denied to be a correct statement of the law in *Henry* v. *Goldney,* 15 M. & W. 498. See also *Broome* v. *Wooton,* Yelv. (Am. ed.) 67, note; *Livingston* v. *Bishop,* 1 Johns. 290 ; *Campbell* v. *Phelps,* 1 Pick. 62 ; *Hyde* v. *Noble,* 13 N. H. 494. Nor can it make any difference as to the effect of the award that the costs of the reference were paid by the Boston and Worcester Railroad Corporation. Such payment cannot be regarded as a part performance of the award. It was only a preliminary step, by which the corporation obtained possession of it from the arbitrators for the purpose of returning it into court. The validity of the award and the rights of the plaintiff under it were wholly unaffected by this act of the corporation ; *a fortiori,* it can have no effect to bar the plaintiff from maintaining this action.

2. The instruction which the defendants asked concerning the degree of care and diligence which they were bound to exercise towards the plaintiff, was rightly refused. If it be true that in certain cases a distinction is to be made as to the relative duty of carriers of passengers towards those who pay for their transportation and those who are carried gratuitously, it does not appear that the facts proved at the trial of this case rendered it material to call the attention of the jury to it. The defendants

having undertaken to transport the plaintiff in their cars were bound to the use of due and reasonable care in performing a duty which they had voluntarily assumed; and if, by omitting to take such precautions as were necessary and proper to prevent a person exercising due care from receiving an injury, the plaintiff was injured, he is entitled to recover compensation therefor. See *Philadelphia & Reading Railroad* v. *Derby*, 14 How. (U. S.) 483; *Steamboat New World* v. *King*, 16 How. (U. S.) 469; Redfield on Railways, 329.

3. The only error in the instructions of the court related to that part of the case which involved an inquiry into the position of the plaintiff's arm at the time of the accident. If he was then riding in the car with his elbow or arm projecting out of the window, by reason of which he sustained an injury, he was guilty of a want of due care, which would prevent him from maintaining his action. Looking at the mode in which railroads are constructed, with posts and barriers which are placed very near to the track on which the cars are to pass, the rapid rate at which trains move, the manner in which cars are made, with seats to accommodate passengers so as to avoid any exposure of the body or limbs to outward objects in passing, we can see no ground on which it can be contended that a person travelling on a railroad is exercising reasonable care in placing his arm in such a position that it protrudes from a window and may come in contact with external obstructions. Certainly, if it is a want of due care to attempt to leave a car when the train is in motion, although going at a slow rate of speed, as has been heretofore determined by this court, it is no less a want of proper care to ride in a car with an arm or leg exposed to collision against passing trains or the necessary structures on the sides of the track. Nor was it the province of the jury to determine as a matter of fact, whether the plaintiff used due and reasonable care, if it was proved that his arm or a portion of it was outside of the window at the time of the accident. If there was no dispute or controversy about this fact, and the position of his arm was the cause of or contributed to the accident, the plaintiff failed to prove an essential element to the maintenance

of his action. In such a state of the evidence, it was the duty of the court to decide on its legal effect, and to say to the jury that the plaintiff had failed to make out his case. *Lucas* v. *New Bedford & Taunton Railroad,* 6 Gray, 64. *Gavett* v. *Manchester & Lawrence Railroad,* 16 Gray, . *Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187. *Cotton* v. *Wood,* 8 C. B. (N. S.) 568. We are therefore of opinion that the defendants were entitled to a more explicit instruction in answer to their second prayer than was given by the court, and that on this ground the verdict rendered in favor of the plaintiff must be set aside, and a

*New trial granted.*