\* CELIA A. BRESLIN, Appellant, v. CHARLES F. PECK and WILLIAM H. GREENHOW, Respondents.

*Judgment against two or more* tort feasors — *a payment by one satisfies the judgment against the others.*

In an action of libel brought against Peck & Greenhow, the publishers of a newspaper, the plaintiff recovered a verdict against Peck for $1,100, and one against Greenhow for $400. Upon an execution issued upon the judgment, entered upon the verdict, directing him to levy of Peck $1,678.39 and of Greenhow $578.39, the sheriff levied upon the property of the firm. The defendant Greenhow having paid to the sheriff the amount of the judgment recovered against him with the interest thereon, Peck moved to have the judgment against him satisfied of record:

*Held,* that the motion should be granted, upon condition that Peck should pay to the sheriff the amount of any fees and poundage upon the execution to which he might be entitled.

Motion by the defendant Peck to compel the plaintiff to satisfy a judgment recovered against him in this action. The action was for the publication of a libel by the defendants Peck & Greenhow, in a newspaper of which the defendants were the publishers and

---

\* Decided October, 1885.

proprietors. The General Term affirmed the order made below, upon an opinion there delivered by Judge RUMSEY, of which the following is a copy.

*Forsyth & Baker*, for the appellant.

*De Merville Page*, for the respondents.

RUMSEY, J.:

The action was against Peck & Greenhow for a libel. The verdict was for the plaintiff for $1,100 against Peck and for $400 against Greenhow. Judgment was entered upon the verdict. Execution was issued directing the sheriff to levy of Peck $1,678.39 and of Greenhow $578.39. The sheriff levied upon the property of the firm. Greenhow paid to the sheriff the amount of the judgment against him and interest.

Peck now moves that the judgment against him be satisfied of record.

He insists that the plaintiff, having satisfied the judgment against one of the joint *tort feasors*, has received all that she is entitled to and that such satisfaction, by operation of law, discharges the other defendant. There is no doubt that the plaintiff can have but one satisfaction for the tort against her. She may sue the joint *tort feasors* jointly or separately. In the latter case no matter how many judgments she might recover, she could have but one satisfaction, and one judgment being paid, she cannot collect the damages awarded by another one. (*Livingston* v. *Bishop*, 1 Johns., 290 ; *Thomas* v. *Rumsey*, 6 Johns., 26.) The reason is that, however numerous may be the doers of the tortious act, the tort itself, as well as the damage caused by it, is but one single thing for which one single payment, by whomsoever of the trespassers made, is a perfect satisfaction. For the same reason it is that, if in an action against several joint trespassers, the plaintiff release one, all are discharged. (*Baker* v. *Frick*, 45 Md., 337 ; 24 Am. R., 506.) And this is so, although the party giving the release stipulates that it should not discharge the other. (*Ellis* v. *Bitzer*, 2 Ohio, 89 ; *Mitchell* v. *Allen*, 25 Hun., 545.) In the case at bar the action was against the two trespassers jointly, but the verdict and judgment were several. The payment by Greenhow of the judgment

against him released him and satisfied that judgment. I am unable to resist the conclusion that within the cases cited above, the release of Greenhow by the satisfaction of the judgment against him operated to release Peck. The case of *Luce* v. *Alexander* (4 Browne Civil Pro. R., 428) is not in point. The liability in that case arose upon contract.

The motion to satisfy the judgment as against Peck must be granted. But the plaintiff was regular in issuing execution and in causing a levy to be made upon that judgment. If the action against Peck had been a separate one she would be entitled to her costs of the action, although she had collected her damages of the other trespasser. (*Livingston* v. *Bishop*, 1 Johns., 290.) He must, therefore, pay whatever charges the plaintiff may rightfully have made against him in her effort to collect the judgment. It appears that the sheriff made a levy upon both judgments. It may be doubtful whether the levy itself is sufficient to entitle the sheriff to fees and poundage upon the judgment against Peck when it has been discharged by an order. (*Flack* v. *The People*, 95 N. Y., 461.) But if he is so entitled, Peck and not the plaintiff should pay him. The order will be therefore upon condition that Peck pay to the sheriff of Steuben county his fees and poundage upon the execution, if he is entitled to any.

Neither party should have costs of this motion.

Present — SMITH, P. J., BARKER and HAIGHT, JJ.; BRADLEY, J., not sitting.

Order affirmed, on opinion of RUMSEY, J., at Special Term.