JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAMING, JAMES J. BERGEN, LINDLEY M. GARRISON AND JAMES E. HOWELL, VICE-CHANCELLORS.

---

AARON E. JOHNSTON, executor,

*v.*

THOMAS B. MCKENNA, JR., et al.

[Argued May 21st, 1907. Decided July 22d, 1907.]

A decree in a suit to recover for the fraudulent appropriation of a surplus resulting from a foreclosure sale of complainant's property against one of the joint tort-feasors is not a bar to a suit against the

other joint tort-feasors, and the bill in a second suit so brought is not within the general rule of equity pleading that a supplemental bill, or an original bill in the nature of a supplemental bill, is demurrable where it appears on its face to have been filed after a decree for causes known to complainant before the decree was entered.

On demurrer to bill.

*Mr. Charles J. Roe,* for Hugh E. O'Reilly, demurrant.

*Mr. Aaron E. Johnston, pro se.*

MAGIE, CHANCELLOR.

The bill demurred to recites the filing of a bill in this court by Mary E. Throckmorton, on January 16th, 1903, against Patrick J. Reilly, Hugh O'Reilly and Patrick Skelly, the purpose of which bill was to obtain a decree requiring the defendants, or some of them, to pay to Mary E. Throckmorton the sum of $7,919.55, which complainant charged had been obtained out of the surplus money arising from the sale of lands belonging to her, sold under foreclosure proceedings, in which a large surplus had resulted. The theory of the bill was that Patrick J. Reilly, who was the purchaser at the foreclosure sale, and Hugh O'Reilly and Patrick Skelly, who were the complainants in the foreclosure bill, had fraudulently conspired to obtain, and had obtained, the surplus which belonged to her in equity.

The present bill recites that the cause went to hearing and a decree therein was made against Patrick J. Reilly and not against the other defendants. The opinion of Vice-Chancellor Pitney, who heard the case, reported in *68 N. J. Eq. (2 Robb.) 130,* indicates that Hugh O'Reilly and Patrick Skelly were not shown to have been concerned in the fraudulent transaction, but that there had been a fraud committed of which Patrick J. Reilly was, at least, constructively guilty, although he did not personally receive the proceeds of the fraudulent transaction. The vice-chancellor further found that the present demurrant, Hugh E. O'Reilly, and one Thomas B. McKenna, Jr., had, in fact, been permitted by Patrick J. Reilly to receive the proceeds

of the fraudulent transaction, and had acquired and retained the same.

The present bill frankly admits that, in the course of the examination of witnesses in the previous cause, a tortious connection of the present demurrant, and of McKenna, with the transaction was plainly shown. If thereupon, the complainant, or rather Aaron E. Johnston, her executor, who because of her death *pendente lite* had been admitted as complainant, had immediately applied to the vice-chancellor for an amendment of his bill so as to charge those who were really shown to be two of the tort-feasors liable to answer for their misconduct, or had immediately filed a bill in the nature of a supplemental bill, I think there is no doubt that the amendment would have been permitted, or the supplemental proceeding would have been brought to hearing before a decree was made. Complainant, however, did not take either of these obviously appropriate steps. On the contrary, he proceeded to a decree against Patrick J. Reilly alone.

The present bill goes on to say that complainant has been unable to enforce his decree against Patrick J. Reilly, and that the estate, of which complainant is the representative, remains unsatisfied for the fraudulent abstraction of the money in equity belonging to the deceased. He has thereupon filed the present bill and brought in the demurrant and McKenna as the parties who received and retained a portion of the money obtained by the fraud which, under the previous bill, the vice-chancellor found had been perpetrated upon Mrs. Throckmorton.

In support of the demurrer, it is insisted that the demurrant is wholly exonerated from the pursuit of the complainant, because the complainant, having knowledge of the facts which his bill admits, proceeded to take a decree against one of the joint tort-feasors. The argument is that this is a supplemental bill, or an original bill in the nature of a supplemental bill, and that the general equity rule is that such a bill will be demurrable if it appears on its face to be filed after a decree for causes which became known to the complainant before decree made. Such seems the general rule of equity pleading. *Story Eq. Pl.* § *338; Barriclo* v. *Trenton Mutual Life and Fire Insurance Co., 12*

N. J. Eq. (2 Beas.) 155; Commercial Assurance Co. v. New Jersey Rubber Co., 61 N. J. Eq. (16 Dick.) 446.

But I am unwilling to conclude that the present case falls within that rule. I think this bill may be treated as an original bill against two of three original tort-feasors and the two who have obtained, and are retaining from the complainant, or from the estate of which he is the executor, money which ought to be paid to him, and which they fraudulently obtained and still retain.

Mr. Pollock, in his treatise on the law of torts, declares the English rule, with respect to tort-feasors, to be that, where the injured party has recovered a judgment against some, or one, of the joint authors of a wrong, he cannot sue the other or others for the same matter, even if the judgment in the first action remains unsatisfied. By a note to the text, it appears that he deemed this rule had been finally settled in the English courts by the decision in exchequer chamber, in the case of *Brismead v. Harrison, L. R. 7 C. P. 547.* By the examination of the English cases before that case, it is clear that whether judgment against one without satisfaction was a bar to an action against other joint tort-feasors, was left uncertain. *Poll. Torts (Am. ed.) § 170.*

The reasons given in the English leading case for treating the judgment against one joint tort-feasor as a bar to actions against others jointly liable seem not to have impressed the American courts. Judge Cooley, in his work on *Torts,* sums up the cases in this country thus:

"When the suit is against several joint wrong-doers, the judgment must be for a single sum against all the parties found responsible. As it may happen that this judgment may not be against all the parties liable, either because the plaintiff was not at first aware of the full extent of the combination which has injured him, or because he was unable, when first suing, to obtain service on all the parties connected with it, it becomes a question of importance whether, after thus proceeding against a part, he may afterwards sue others. And the question is the same if, having voluntarily elected to pursue a part only, he finds, after obtaining judgment, that the pecuniary responsibility is not what he had supposed.

"Whatever may have been the reasons for proceeding at first against less than the whole, it is conceded on all sides that a previous suit against one or more is no bar to a new suit against the others, even though the first suit be pending, or have proceeded to judgment when the second is

brought. The second, or even a subsequent suit, may proceed until a stage has been reached in some one of them at which the plaintiff is deemed in law to have either received satisfaction, or to have elected to rely upon one proceeding for his remedy to the abandonment of the others." *Cooley Torts 157.*

An early case involving the principle was decided by Chief-Justice Kent, in *Livingston* v. *Bishop, 1 Johns. 290.* The American doctrine was declared by the supreme court of the United States to be that a judgment against one joint trespasser is no bar to a suit against others for the same trespass, and that nothing short of full satisfaction can make such judgment a bar. *Lovejoy* v. *Murray, 3 Wall. 1*

The reason which has impelled the courts of law in this country to permit an injured party to pursue his relief for a tort against one and then against another of the tort-feasors responsible, until he obtains a satisfaction, appeals as strongly, if not more strongly, to a court of equity.

In my judgment, the taking of the decree in the previous cause is no bar to the maintenance of a bill against co-conspirators and joint tort-feasors not included in the decree, if it be made to appear that no satisfaction has been obtained from the person charged by the decree.

The demurrer must therefore be overruled.