Stevens
   *v.*
Briggs.

GEORGE N. STEVENS *v.* WILLIAM P. BRIGGS.

When two suits are pending to recover the same debt, and a judgment is
   rendered in one and paid, this cannot be pleaded in bar of the other with-
   out payment of the cost.

Payment after suit commenced cannot be pleaded in bar unless it is a pay-
   ment of the cost of the suit.   In such a case a plaintiff may recover nomi-
   nal damages.

A judgment cannot be rendered for a plaintiff to recover cost, only, unless
   there is a recovery for damages, therefore, when the county court rendered
   a judgment for the plaintiff to recover cost, their judgment was reversed
   and a judgment rendered for the plaintiffs to recover nominal damages.

SCIRE FACIAS on a recognizance, entered into by the de-
fendant upon the granting of an appeal from a judgment
rendered by a justice of the peace, in favor of the plaintiff
against one Harvey Talcott, to the county court, held at
Burlington, within and for the county of Chittenden.   The
condition of the recognizance was as follows : ' If the said
' Harvey Talcott shall prosecute his said appeal to effect, and
' pay all intervening damages, occasioned to the said George
' N. by his being delayed, with additional costs, in case said
' judgment be affirmed, then this recognizance to be void,
' otherwise of force.'   The plaintiff averred that the appeal
having been entered in the county court, such proceedings
were therein had, that, at the March term, 1837, the plaintiff
recovered a judgment against the said Talcott, for $38 62
damages, and $79 73 costs ; that afterwards, to wit, on the
29th day of March, 1837, the plaintiff prayed out a writ of
execution upon said judgment, in due form of law, dated on
the day and year last aforesaid, and delivered said writ to
George A. Allen, sheriff of said county of Chittenden, to
levy and collect ; that said sheriff, by virtue of said writ, on
the 13th day of May, 1837, took the body of said Talcott,
and him committed to jail, and that said judgment remained
in full force, unpaid, &c.   This suit was commenced at the
August term of the county court, 1837, and was continued
from term to term, to the August term, 1840.   At the last
mentioned term, the defendant pleaded three pleas in bar of
further maintaining this suit.

The first plea was, in substance, that after the recovery of

the judgment in said writ of *scire facias* mentioned, and after the last continuance of this suit, and after the adjournment without day of said county court, at the March term thereof, 1839, and before the pleading of said plea, to wit on the first day of August, 1839, at said Burlington, the said Talcott paid to the plaintiff the amount of said judgment, to wit, five hundred dollars, in full satisfaction of said judgment, which sum the plaintiff then and there accepted and received in full satisfaction and discharge of said judgment, concluding with a verification.

Second plea. That after the recovery of said judgment in said writ of *scire facias* mentioned, to wit, on the 29th day of March, 1837, at &c., the plaintiff prayed out a writ of execution on said judgment in due form of law, dated the day and year last aforesaid, made returnable within sixty days from its date, and delivered said writ of execution to the sheriff of Chittenden county to be executed ; that by virtue of said writ, the said sheriff, within the life of said execution, to wit, on the 13th day of May, 1837, committed said Talcott to jail; that said Talcott and the defendant, Briggs, gave a jail bond for the admission of said Talcott to the liberty of the jail yard ; that said Talcott, without being in any way discharged from said imprisonment, on the day of his commitment, escaped from the liberties of said prison and went at large ; that after the breach of said bond, to wit, on the 25th day of May, 1837, the sheriff, by his indorsement, in writing, assigned said bond to the plaintiff; that at the August term of said county court, 1837, the plaintiff impleaded the said Talcott and the defendant in a plea of debt, on said bond, for the non-performance of the conditions thereof, and such proceedings were thereon had, that at the March term of said county court, 1839, the plaintiff recovered in said suit against said Talcott and the the defendant $159 13, damages and costs, being the full amount of the judgment, set forth in said writ of *scire facias,* and the execution that issued thereon, and the officer's fees on said writ, together with the interest on said sums, and all damages for the detention of said debt ; that afterwards, and after the last continuance of this suit, that is to say, after the adjournment without day of said county court, at their March term, 1839, to wit, on the first day of April, 1839, at Burlington aforesaid, the

CHITTENDEN,
*January,*
1842.

Stevens
*v.*
Briggs.

plaintiff prayed out a writ of execution on said last mentioned judgment in due form of law, for the full amount thereof, made returnable within sixty days from its date, and then and there delivered said last mentioned writ to Amos W. Butler, then and for more than sixty days thereafter, a deputy sheriff under George A. Allen, sheriff of said county of Chittenden, to levy and collect; that afterwards, while said execution was in life and in the hands of said Butler, deputy sheriff, as aforesaid, to wit, on the 28th day of May, 1839, at Burlington aforesaid, the said Talcott and the defendant paid the amount of said execution to said Butler, deputy sheriff as aforesaid, and to the plaintiff, together with said Butler's fees, to wit, ten dollars, for levying and collecting said execution, which the plaintiff and said Butler then and there accepted in full satisfaction and discharge of said last mentioned execution and judgment so recovered as aforesaid against said Talcott and the defendant, concluding with a verification.

The third plea was, in substance, like the second, with this exception; in the third plea the defendant alleged the payment of the judgment and execution against Talcott and the defendant, to have been made to the plaintiff, and that the plaintiff accepted the amount so paid in full.

Replication to the first plea: that true it is, the said Talcott after the commencement of *this* suit, and after the same had long been pending in this court, and a large amount of costs had accrued therein, did, before the filing of the defendant's said plea, to wit, on the first day of August, 1839, at Burlington aforesaid, pay to the said Stevens, the said sum of money in said judgment, in said writ of *scire facias* mentioned in full satisfaction and discharge of said *judgment* in said writ of *scire facias* mentioned; yet at the time of the payment of the aforesaid judgment in said writ of *scire faicas* mentioned, to wit, on the first day of August, 1839, the said writ of *scire facias* was then pending in this court, and a large amount of legal and taxable costs had then accrued thereon to the said Stevens, which this defendant was then liable to pay, to wit, the sum of 25 dollars, which was well known to this defendant and said Talcott, and neither this defendant nor the said Talcott, nor any other persons have paid or offered to pay said legal and taxable costs or any part thereof, and this he is ready to verify;

wherefore he prays judgment and execution for his costs aforesaid.

The plaintiff, in his replication to the second and third pleas, admitted the recovery of the judgment in the suit upon the jail bond against Talcott and the defendant, and the payment of the money in satisfaction of that judgment and the execution issued thereon, and averred 'that this suit was 'commenced long previous to the payment and satisfaction 'of the said execution by the said Talcott and Briggs, as in 'the defendant's second and third pleas set forth, and that at 'the time of said payment, to wit, on the 28th day of May, '1839, this suit was pending in this court against the said 'Briggs, and a large amount of legal and taxable costs had 'then accrued therein, in the prosecution of the same, in favor 'of the plaintiff against the said Briggs, to wit, the sum of 'twenty-five dollars, which the said Briggs was then liable 'to pay, which was, at the time of the payment of the ex- 'ecution aforesaid, well known to the said Briggs and Tal- 'cott, yet, neither the said Talcott, nor Briggs, nor any 'other person, has paid or offered to pay said costs, or any 'portion thereof,' concluding with a verification.

To these replications the defendant demurred and the plaintiff joined in demurrer.

The county court decided that the replications were sufficient and rendered judgment for the plaintiff to recover his costs. The defendant excepted to the decision.

*Hyde & Peck* for defendant.

*Scire facias* is not an original action, but a proceeding ancillary to and based upon the original judgment and must be brought in the same court. No damages are claimed or recovered; and if the plaintiff succeed, it is not a recovery of *judgment*, but an *award of execution on the original judgment*. The pleadings in this case show a payment of the full amount and interest by the defendant and an *acceptance by the plaintiff in satisfaction of the judgment*, which is an extinction of the judgment. The judgment being extinguished no execution can be awarded thereon. No execution could be awarded against the principal, and, consequently, none against the bail. In *this* proceeding no damages, not even nominal, are recoverable. At common

law, no costs were recovered; costs are, by statute, only an incident of the principal thing sought in the action. If the plaintiff fail as to the principal, he must fail as to the incident. A recovery by the plaintiff of costs, without debt or damages, would be a novelty. Chit. Pl. 397.

A plea of payment and satisfaction of the debt or damages, sought in the action after the commencement of the suit, is a bar, more especially where it alleges an acceptance, by the plaintiff, in satisfaction. Where two actions are brought against the same person for the same thing, satisfaction of the judgment in one suit, may be pleaded *puis darrien continuance* to the other suit. Chit. Pl. 456, and authorities there cited. *Watkinson* v. *Englesby & Stokes*, 5 Johns. R. 386. *Bourne* v. *Joy*, 9 Johns. R. 221. *Prince, et. al.* v. *Nicholson, et. al.* 1 Com. L. R. 124. (5 Taun. 333.) *Parris* v. *Salkeld*, 2 Wils. 137. *Lovell* v. *Eastaff*, 3 T. R. 554. *Littleton* v. *Cross et. al.* 10 Com. L. 285. *Bird* v. *Randall*, 3 Burr. 1345 *Baylies, et. al.* v. *Fettyplace, et. al.* 7. Mass. R. 325. *Thompson* v. *Percival*, 27 Com. L. R. 241.

The late English practice seems to be that, on a plea *puis darrien continuance* being interposed, the plaintiff is at liberty to admit the truth of the plea and discontinue without costs; but if he resist the plea he is liable for costs subsequently made if he fail. *Wollen* v. *Smith*, 36 Com. L. R. 180. *Lyttleton* v. *Cross*, 10 Com. L. R. 285. *Baker* v. *Morrey*, 17 Com. L. R. 168.

If the principle can be established that when separate actions are pending at the same time, against the maker and indorser of a promissory note, nominal damages and costs may be recovered in one action, after satisfaction in the other, it is an exception to the general rule, and introduced to facilitate the negotiability of commercial paper. It can have no application to a case where two actions are brought for the same cause against the same person. There is no justice in favoring a party who brings two suits against the same party for the same debt, as it adds nothing to the plaintiff's security. If the plaintiff does so, he must not accept satisfaction in the one suit till he perfects his judgment in the other.

*Maeck & Smalley*, for plaintiff, contended that the payment of the original judgment, leaving the costs which had

accrued in this suit unpaid, would not bar the present action, and cited Chitty on Bills, 8th Am. Ed. 570, 599. 2 Dallas, 115. *Wattles* v. *Laird,* 7 Johns. 327. 3 Petersd. Ab. 160, title, Bail. 12 Mod. 112. 7 Com. L. R. 289. 7 East, 536.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It was decided in the case of *Atkinson* v. *Thornton,* 1 Camp. 559, note, 'that if after action 'brought, the money sought to be recovered is paid without 'a rule of court, the plaintiff must have a verdict.' In the case of *Horsburgh* v. *Orme,* same page, where the defendant had paid the debt, but not the cost, the plaintiff had a verdict with nominal damages. A similar decision was made in the case of *Goddard & another* v. *Benjamin,* 3 Camp. 331, where the payment was made the same day the action was commenced and a receipt given. As it did not appear at what hour of the day the payment was made, whether before or after the commencement of the action, the plaintiff was allowed to take a verdict with nominal damages. From these cases, as well as from the case of *Toms* v. *Powell,* 7 East, 536 ; *Holland* v. *Jourdine,* 1 Holt, 6 ; *Francis* v. *Crywell,* 5 Barn. & Ald. 886 ; *Nelson* v. *Wilson,* 6 Bing. 568 ; it appears to be settled, that a defendant cannot avail himself in defence of payment after the commencement of the suit, unless he also pays the cost as well as the debt. Unless the cost is paid, or the plaintiff has voluntarily relinquished his claim to the debt and cost, as he might, by a release or accord, he may recover nominal damages, *so as to* carry the cost. The rule can be no otherwise, where he has separate remedies for the same debt or demand, and is pursuing them at the same time. The payment of one can be no discharge of the other, except on the payment of the cost in all the actions. The cases referred to in Chitty on Bills, 570, settle this point. In the case before us, when the judgment was rendered in the suit on the jail bond, the defendant could have paid the money into court, or tendered the amount to the plaintiff, either of which would have discharged the defendants from any further proceedings on that judgment ; but, unless it was a payment of this very recognizance and the cost, it could not preclude the plaintiff from

proceeding for nominal damages and cost. The recogniz-
ance was forfeited and the plaintiff was entitled to maintain
an action thereon. Although this action would have been
defeated if the payment of the judgment had been made
before suit brought, as a discharge or satisfaction of the debt,
or matter in demand, would bar any future suit on all or any
of the remedies ; yet, after suit brought, it could only be de-
feated or discharged by a payment of the debt and the cost.
The plaintiff was therefore entitled to a judgment for his
damages and cost. The judgment of the county court was
for the plaintiff to recover cost only, without any judgment
for damages. This was erroneous. A judgment can never be
rendered for a plaintiff to recover cost, except there be a re-
covery for damages. Costs, are consequent upon the recovery
of debt or damages. On this ground, no costs were allowed
at common law, on a writ of *scire facias,* and was only al-
lowed in pursuance of the state 8 and 9 William 3, ch.
11. In this state the right of a plaintiff to recover cost on
*scire facias* stands upon the same ground as a recovery in any
other action and is expressly recognized by statute, chap. 28,
s. 28. As no judgment was rendered by the county court
for damages, their judgment must be reversed and judgment
rendered for the plaintiff to recover one cent damages and
his cost.