Ayer v. Ashmead.

EDWIN AYER *vs.* JAMES H. ASHMEAD.

A discharge of one of several joint trespassers is a discharge of all.

If separate judgments have been recovered there can be but one satisfaction of the damages, but the costs can be collected on all the judgments.

If, while separate suits are pending against several joint trespassers, one suit is settled and the defendant therein discharged, although it was the intention of both parties that the discharge should affect only the cause of action against the defendant, and that it should not affect the plaintiff's right of recovery in the other suits, it will yet operate as a discharge of the entire cause of action against all, and there can be no recovery in the other suits, either of nominal damages or of costs. [By HINMAN, C. J., and DUTTON, J., reversing the decision of SANFORD, J., in the court below; BUTLER, J., dissenting.]

TRESPASS *qu. cl. fr.*, brought originally before a justice of the peace and appealed by the defendant to the superior court.

The defendant pleaded the general issue and two pleas in bar; first, that the trespass was committed by him, if at all, jointly with one John F. Grumley, and that it had since been agreed between the plaintiff and Grumley that the former should pay and the latter receive $3.50 in full satisfaction and discharge of the trespass and of all damages and costs therefor, and that the money was thereupon paid and received for that purpose; and secondly, that the plaintiff had executed a

release discharging Grumley and the defendant from all damages on account of the trespass. The case was tried before *Sanford, J.*

Upon the trial the defendant admitted the commission of the trespass complained of, but claimed and offered evidence to prove that it was a joint trespass committed by him and John F. Grumley, and offered in evidence the following written instrument, admitted to be signed by the plaintiff, but without seal: "Received of John F. Grumley, November 5th, 1860, $3.50, in full for damages and costs in a case of trespass by the said Grumley on my land, October 31st, 1860. E. Ayer." With it he offered evidence to prove, that after the commission of the trespass the plaintiff commenced the present suit, by writ returnable before a justice of the peace on the 7th day of November, 1860, and another suit for the same trespass against Grumley, returnable before the same justice at the same time and place, and that during the pendency of both suits, and before the time for the trial of either, the plaintiff and Grumley agreed to settle the suit against the latter by his paying the plaintiff the sum of $3.50 for the damages and costs claimed in that suit, which sum Grumley then paid to the plaintiff, and the plaintiff accepted it in full satisfaction for such damages and costs, and withdrew the suit, and thereupon made and delivered to Grumley the above instrument; but it was admitted that the settlement with Grumley did not include, and was not understood or intended to include, the suit now on trial, and that the sum paid to the plaintiff was not paid or intended or understood to be paid on account of the damages or costs claimed of the defendant in the present suit, and that the release was not given or received for the purpose of discharging or in any way affecting the present suit, or the plaintiff's right of recovery in it, but for the sole purpose of discharging Grumley alone, and that it was expressly understood by the parties to the settlement that the present suit would go on as if the settlement had not been made. The plaintiff objected to the admission of the instrument in evidence, because it was not sealed, and therefore, as he claimed, could not operate as a release; but the court over-

ruled the objection and admitted it.   The defendant requested · the court to charge the jury that if they should find that the trespass complained of in the present suit and that complained of in the suit against Grumley were one and the same joint trespass, committed by the defendant and Grumley together, and that the plaintiff had accepted and received from Grumley the sum of $3.50, in satisfaction of the damages claimed in the suit against him and the costs of that suit, such payment and acceptance would operate in law as a full satisfaction for such trespass, and a bar to the plaintiff's recovery in the present suit; and also that if they should find such joint trespass, and that the receipt was given to Grumley upon the settlement of the suit against him, the receipt would operate in law as a release to the defendant in the present suit also.

The court charged the jury that for a single trespass committed by two persons the injured party had a right to but one satisfaction, but that he had a right to sue both trespassers together, or each of them in a separate suit, at his election, and if he brought a separate suit against each, he had a right to prosecute both suits until he obtained one satisfaction for the trespass and his costs in both suits; that if they should find that the trespass complained of in this suit was a joint trespass committed by the defendant and Grumley, and that Grumley paid to the plaintiff and the plaintiff accepted and received from him the sum of $3.50, in full satisfaction for the trespass and the costs then accrued in the present suit, such payment and acceptance would operate as a bar to the plaintiff's recovery, and their verdict should be for the defendant; and if they should find such joint trespass, and that the receipt was given and received for the purpose of discharging the present defendant as well as Grumley, the receipt would operate as a bar to the plaintiff's recovery, and their verdict should be for the defendant; but that, although they should find such joint trespass, and the payment by Grumley of the sum of $3.50, and the acceptance of it by the plaintiff in satisfaction of the damages claimed of Grumley in the suit against him and the costs of that suit, and should also find that the receipt was given upon the settlement of that suit for the purpose of discharging

Grumley from the damages and costs claimed in the suit against him, yet, if the present suit was then pending, and costs had legally accrued therein and were unpaid, and the present suit was not included nor intended to be included in such settlement, and nothing had been paid or received or intended to be paid or received on account of such costs, and if the receipt was given and received for the sole purpose of operating upon the suit against Grumley and of discharging him, and not of discharging the present suit or the present defendant, then their verdict should be for the plaintiff, to recover of the defendant nominal damages and his costs.

The jury returned their verdict for the plaintiff, to recover one dollar damages and his costs, and being inquired of by the court, at the request of the defendant, the jury said that they found that the trespass was a joint one committed by the defendant and Grumley. The defendant moved for a new trial for error in the charge of the court.

*Tyler*, in support of the motion, cited 1 Saund. Pl. & Ev., 29; 1 Chitty Pl., 89; 1 Swift Dig., 642; 2 Greenl. Ev., § 30, and note; *Sheldon* v. *Kibbe*, 3 Conn., 214; *Canfield* v. *Eleventh School District*, 19 id., 529, 531; *Knickerbacker* v. *Colver*, 8 Cowen, 111; *Brown* v. *Marsh*, 7 Verm., 327; *Morton's case*, Cro. Eliz., 30; *Cocke* v. *Jennor*, Hobart 56; *Bird* v. *Randall*, 3 Burr., 1345; *Brown* v. *Allen*, 4 Esp., 158; *Dufresne* v. *Hutchinson*, 3 Taunt., 117; *Lewis* v. *Jones*, 4 Barn. & Cress., 506; Sedgw. on Damages, 46; *Ellis* v. *Bitzer*, 2 Hammond, 89; *Frye* v. *Hinkley*, 18 Maine, 320.

*Phelps* and *Warner*, contra, cited 2 Hilliard on Torts, 459; *Couch* v. *Waring*, 9 Conn., 261, 267; *Porter* v. *Ingraham*, 10 Mass., 88; *Livingston* v. *Bishop*, 1 Johns., 290; *Knott* v. *Cunningham*, 2 Sneed, 204; *Solly* v. *Forbes*, 2 Brod. & Bing., 38; *Walters* v. *Smith*, 2 Barn. & Adol., 889; *Field* v. *Robins*, 8 Adol. & El., 90; *Thompson* v. *Lack*, 3 Mann., Grang. & Scott, 540.

HINMAN, C. J. As no question was made upon the plead-

ings in this cause, it is sufficient to state that it was an action of trespass *quare clausum*, to which the defense was, that the trespass was committed by the defendant and one John F. Grumley, and that Grumley paid to the plaintiff three dollars and fifty cents in full for the damages and costs, which sum was accepted by the plaintiff as a satisfaction for the trespass. The plaintiff resisted this claim on the ground that he instituted two actions of trespass, one against the present defendant, and one against Grumley, and that it was only intended to settle the Grumley suit, and not the suit against the defendant or the subject matter of it. A receipt in full executed by the plaintiff to Grumley on the 5th of November, 1860, after both suits had been commenced but before the return day for either, was produced, and it was expressed to be " in full for damages and costs in a case of trespass by said Grumley on my land." The suits were both returnable before a justice on the 7th day of November, 1860, and the suit against Grumley was withdrawn. The settlement with Grumley was not intended to include this suit, nor was the sum paid understood to be paid on account of the damages claimed of the defendant, or of the costs of the suit, or any part thereof; and the writing was not given or received for the purpose of discharging or in any way affecting the suit, or the plaintiff's right of recovery therein, but for the sole purpose of discharging Grumley alone. In the court below the plaintiff objected to the admission of the receipt in evidence because it was unsealed, and therefore could not be pleaded, or operate as a release, and because it did not purport to release the defendant or relate to this suit. It was however admitted, but the question as to the correctness of this decision does not arise in the case as it now stands, as the result of the trial was in favor of the plaintiff, against whom the decision was made, and he has now therefore no occasion to complain of it.

The defendant requested the court to charge the jury that, if they should find that the trespass complained of in this suit and that complained of in the suit against Grumley were one and the same joint trespass, committed by this defendant and Grumley together, and that the plaintiff had accepted and re-

ceived from Grumley three dollars and fifty cents in satisfaction for the damages claimed of him in the suit against him and the costs of that suit, such payment and acceptance would operate in law as a full satisfaction for such trespass and a bar to the plaintiff's recovery in this suit, and their verdict should be for the defendant.

The court charged the jury, in substance, that for a single trespass, committed by two persons, the injured party had a right to but one satisfaction, but that he had a right to sue both of the trespassers together in one suit, or each of them in a separate suit, at his election, and if he brought a several suit against each he had a right to prosecute them both until he obtained one satisfaction for the trespass and his costs in both suits. The court also charged the jury that, although they should find such joint trespass, and the payment by Grumley of three dollars and fifty cents, and the receipt given therefor and the acceptance thereof in satisfaction of the damages claimed of Grumley and the costs of the suit against him, and that the receipt was given upon the settlement of that suit for the purpose of discharging Grumley from said damages and costs claimed in the suit against him ; yet, if this suit was then pending, and costs had accrued thereon and were unpaid, and this suit was not included nor intended to be included in such settlement, and nothing had been paid or received on account of such costs, then their verdict should be for the plaintiff to recover of the defendant nominal damages and his costs.

We think the closing part of this instruction was incorrect. It is, as we suppose, settled law that a release, discharge or satisfaction of one or more of several joint trespassers is a discharge of them all, in the same manner that a discharge of one of several joint debtors, or a payment and satisfaction of the joint debt by one, is a satisfaction as to all, since a party injured by a trespass committed by several can have but one satisfaction for his injury, no more than one who has a debt against several can be entitled to be more than once paid. *Cocke* v. *Jennor*, Hob., 66 ; *Livingston* v. *Bishop*, 1 Johns., 290 ; *Brown* v. *Marsh*, 7 Verm., 327 ; *Sheldon* v. *Kibbe*, 3 Conn., 214 ; *Knickerbacker* v. *Colver*, 8 Cowen, 111 ; *Lewis*

v. *Jones*, 4 Barn. & Cress., 506 ; *Bird* v. *Randall*, 3 Burr., 1345.

It is true, undoubtedly, that for a joint trespass they may all be sued jointly or separate suits may be brought against each, because trespasses committed by several, while they are in fact the joint acts of all, are also the separate acts of each individually, each being liable in law for whatever was done by all or any of them ; and if suits are separately brought against each they may all be pursued to final judgment, and the plaintiff may elect which of the separate judgments he will enforce and collect. But having received the damages recovered against any one, and his costs recovered against all, he must be content with that, as otherwise he would receive more than one satisfaction for his injury. *Livingston* v. *Bishop*, 1 Johns., 290 ; *Knickerbacker* v. *Colver*, 8 Cowen, 111 ; *Sheldon* v. *Kibbe*, 3 Conn., 214.

Now, while the superior court proceeded upon these principles, we think it mistook the application of the rule allowing a party to commence and prosecute to final judgment suits against each of several joint trespassers, and to levy and collect the damages recovered in one suit together with the costs recovered in all of them. It was at one time supposed that there could be but one judgment recovered for a joint trespass or debt, on the ground that the original cause of action was merged in the judgment, and of necessity ceased to exist as a ground of action after it had become a judgment debt. But it was soon perceived that there could be no merger except as between the parties to the record or their privies, in respect to whom it does undoubtedly operate as a change of remedy, since a party having the higher security of a judgment can not further vex the defendant on the original cause of action. Still, the judgment is but a security for the cause of action, and is collateral to the original claims against other trespassers, which may still be enforced until the judgment is satisfied. See *Sheldon* v. *Kibbe*, 3 Conn., 214, and the cases there cited.

Now it is true, undoubtedly, that the law allows the costs in all the separate suits against joint trespassers to be collected, after they have once become established by the recovery of

judgments, because then the costs have become judgment debts. They are then liquidated and established liabilities, and the same rule that permits the recovery of several separate judgments against each joint trespasser necessarily carries costs in each suit as incident to the judgment. But as a party plaintiff can never recover costs except as an incident to the recovery of some debt or damage, it follows that when the debt or damage is satisfied and discharged there remains nothing to which the costs can be an incident. Suppose instead of receiving his damages of Grumley the plaintiff had received them in full of the defendant Ashmead and had discharged Ashmead from all damages in consequence of the trespass, would it still be contended that the discharge would not bar the further prosecution of the suit? Could the action still be sustained for nominal damages, for the purpose of enforcing what may be considered an imperfect equity to the costs which had accrued? We believe that the history of jurisprudence furnishes no precedent for such a claim. In *Livingston* v. *Bishop*, Chief Justice Kent says: "If there can be but one recovery it is vain to say that the plaintiff may bring separate suits, for the cause that happens first to be tried may be used by way of plea *puis darrein continuance* to defeat the others that are in arrear." If this result would follow from the principle that one judgment would be a bar to the further prosecution of a suit against a co-trespasser, will not the same result follow the satisfaction of the damages recovered or claimed?

Where there is an invasion of one's right, though no damage in fact may result from it, there is a ground for nominal damages, because damage is the probable result of such an invasion. But where the damages are liquidated, paid and discharged or satisfied, the injury being wholly settled, nothing can remain to be afterwards adjusted. If the damages had been satisfied or discharged before the suit was brought no one would doubt that such satisfaction or discharge would be a good bar to the action. Is it any the less a bar, if properly pleaded, because the satisfaction was after suit brought? If it be said that it is inequitable to allow a satisfaction to cover the costs in both suits when such was not the intention, the

answer is, the plaintiff was not obliged to accept of satisfaction unless he secured his costs. And if he did so in consequence of his mistake of the law, it was a mistake of his own, and the rules of law can not be changed in order to correct it.

The principle upon which this case turns was adopted by this court in the case of *Canfield* v. *The Eleventh School District*, 19 Conn., 529, where it was held that when a debt was paid there was nothing left for which nominal damages or costs could be recovered, though the payment was subsequent to the commencement of the suit. But as the general issue without any notice of the payment was the only plea in that case, we held, in conformity with numerous decisions, that as the issue related to the time when the suit was commenced, and as there was a debt due the plaintiff at that time, he must recover, since the only finding must be in favor of the plaintiff as having a debt due him at that time, but as it had been subsequently paid he was therefore only allowed to take judgment for nominal damages. In this case the issue upon the second plea should, we think, have been found for the defendant, which would have disposed of the case, and no doubt would have been so found but for the charge, which allowed the jury to render their verdict for the plaintiff for nominal damages, although the injury resulting from the trespass had been settled and satisfied.

We therefore advise the superior court to grant a new trial.

In this opinion DUTTON, J., concurred. BUTLER, J., dissented. SANFORD, J., having tried the case in the court below did not sit.

BUTLER, J. The only point made by the defendant in the court below, material to this inquiry, was, that payment to the plaintiff by Grumley of the cost and damage in the suit against him, and its acceptance by the plaintiff as satisfaction of the *damages* in that suit, was a *bar* to any recovery in this. The point was ruled, and in my judgment properly ruled, against the defendant.

But a majority of the court think otherwise; and the decis-

ion is placed on the ground that a release, discharge or satisfaction of one or more of several joint trespassers is a discharge of them all, in the same manner that a discharge of one of several joint debtors, or a payment and satisfaction of the joint debt by one, is a satisfaction as to all; and therefore, as a party plaintiff can never recover costs except as an incident to some debt or damage, it follows that when the debt or damage is satisfied, there remains nothing to which the costs are incident.

All this may be fully conceded; and yet it seems very clear, upon principle and by authority, that the court in such cases, where two actions are pending and one is discharged, may and should render a judgment in the other for nominal damages, distinct from and independent of the damages or debt sued for, *as the basis of a judgment for cost.*

This case has been argued and decided upon the idea that there is a substantial analogy between a joint trespass and a joint and several promise, in respect to the rights and liabilities of the parties to the injury by the trespass, or the promise in the contract. The analogy is not perfect. A wrong committed by several is, *per se*, several in its character, and only joint because each is by law made liable for the acts of each and all, done in furtherance of the common design. The tort, therefore, although several in its nature, is "*amalgamated*," to use the language of Judge Hosmer in *Sheldon* v. *Kibbe*, 3 Conn., 214, "*by operation of law*." But a promise is joint and several *in itself* and *in terms*, each promising for himself and *jointly* with the others. Hence a promisee in a contract may sue one or all, but a party trespassed upon may sue one, all, or any number. So a joint and several debt may be paid or the contract fulfilled by one for all, with right of re-imbursement or contribution as the case may be; but a trespass can only be *satisfied*, or the cause of action directly released and extinguished, without right of contribution. And in case of several judgments in trespass the plaintiff may elect *de melioribus damnis*, for the damages may be greater in one than the other; but no such election in the nature of things can be had in case of several judgments for the same debt, or other certain liability. Still it is true that in either case the right to bring

separate actions against each, and to pursue them all to final judgment and execution, or until a *satisfaction* is obtained for the debt or injury from some one of them, is the same in one case as the other. And the debt in one case or damage in the other, are so far "a unit and indivisible," that every judgment must be rendered for the whole. Nevertheless the right of action against each is *perfect in itself;* a release of one co-promisor or co-trespasser, or a discharge of one action when two are pending, is not *per se* a release or discharge of the right of action against the other, who is not a *party* to the release or discharge, and can not be pleaded as such, but it enures to the other by reason of his actual privity in the promise, or legal privity in the injury, as a *satisfaction,* and so an extinguishment of the right to the debt or damages from that time, and entitles him equitably, upon plea, or by summary action of the court, to a *discontinuance* of the action on payment of costs. But if he refuses to pay such cost, the court in the exercise of their equitable power may give nominal damages to the plaintiff as a basis for their recovery.

The late Chief Justice Kent, in giving the opinion in *Livingston* v. *Bishop*, cited in the briefs, said: "On looking into the books with a view to this question, I was surprised to meet with so much contradiction and uncertainty on the subject. The cases are not all capable of being reconciled to each other, and some of them appear to me not reconcilable with reason." The remark was unquestionably true when made, and may be repeated in respect to some of the decisions since made, and the distinctive question we have in hand. This diversity of decision has resulted in some degree perhaps from a natural disposition to conform to authority without sufficient scrutiny, and to dissent gingerly, and overrule evasively; but mainly from the complex character of the relation between joint and several promisors and the promisee, and between joint tort feasors and the party injured; the consequent great diversity of circumstances under which their rights and liabilities are to be adjusted and determined; and the necessity of exercising that "sense of equity" which, by reason of their complexity, is absolutely required for their adjustment and determination.

But notwithstanding that diversity of decision and the accompanying discussions it is not difficult to deduce the true principles which appear, satisfactorily to my own mind, applicable to this case, or to discover the actual preponderance of authority.

The cases cited in the defendant's brief are numerous and diverse in character. Some of them have been overruled, and but two have any sort of application to the *point* in dispute. They are cited mainly to show that a discharge of or satisfaction by one joint trespasser or co-promisor is a *bar*, and that dictum in general terms is found in all of them and in all our text-books. But it is not always a bar *to the action*, in the proper signification of the term, or as applied to a case like this. Let us see when it is, and when it is not a bar; and how in all cases where the debt or trespass is satisfied after suit brought there is relief, classifying the cases cited as they apply.

1st. If *A* and *B* trespass upon *C*, and either satisfies the damage before any suit is commenced, the cause of action is extinguished. Such was the case cited from the 7th Vermont; and if suit is brought afterwards against either, that satisfaction may be pleaded *in bar*, for no right of action exists at the time the action is commenced; and if a release be given, it may be pleaded as a release by him to whom given, and as a satisfaction by the other. The same is true when an indorser is sued after the maker of the note has been discharged by a composition, and such was the case of *Lewis* v. *Jones*, cited by the defendant's counsel from 4 Barn. & Cress., 506.

2d. If action is brought against one before satisfaction, and he accord and satisfy the damage or debt, that extinguishes the cause of action also, and if suit be subsequently brought against the other, the satisfaction may be pleaded *in bar*. Such was the case of *Cocke* v. *Jennor*, Hobart, 66.

3d. If action be brought against one and judgment had, or execution be taken out and levied on the body, and that is discharged by taking the poor debtor's oath, neither are a satisfaction of the debt or trespass, or affect the right to bring and pursue to judgment an action against the other. Such were *Livingston* v. *Bishop*, 1 Johns., 290, and *Sheldon* v.

*Kibbe*, 3 Conn., 214; the latter cited also from Swift's Digest, 642, both overruling *Brown* v. *Wootton*, Cro. Jac., 73, and Yelv., 67. But if the *satisfaction be had* by the execution it extinguishes the right of action, and is a bar to a subsequent action against the other. Such was *Morton's case*, cited from Cro. Eliz., 30.

4th. Or if an action be brought against all, and one pay damage and cost, and the action be dropped, no action can be afterwards brought against the other. Such are the cases cited from the note to 2 Greenleaf Ev., § 30, and 1 Saunders Pl. & Ev., 29.

In these four classes of the cited cases the cause of action is extinguished before the second action is brought, and therefore the satisfaction, however effected, is strictly pleadable in bar of the action ; but they are not precedents for this case.

5th. There are still other classes of cases cited which have no applicability. Thus, if action be brought against all, and, pending the action, one accord for himself only, and pay debt and cost, it is a discharge of the action as to all. Such was the case cited by the defendant's counsel from the 2d Hammond's Ohio Reports, and that from the 18th of Maine.

6th. And if two actions are brought and both go into judgment, and satisfaction is obtained in one, although there can be no extinguishment of the cause of action in the other because it is merged in the judgment, the court, exercising its " sense of equity," will stay execution against the damages if it has not issued, remand it if it has and has not been served, or grant relief by *audita querela*, which is in the nature of a bill in equity if it has, but permit execution for the cost. Such was the case of *Knickerbacker* v. *Colver*, 8 Cowen, 111.

The foregoing classification embraces all the cases cited by the counsel for the defendant which I have been able to find except four, and none of them are in point for the defendant. Not one of those I have noticed is applicable to a case where two separate actions are brought, and while pending one of them is settled and discharged by payment of the debt or damage. One of the remaining three, that of *Brown* v. *Allen*, 4 Esp., 158, involved merely the question of the unity of the

damages, and may be laid out of the case. The remaining two have some direct bearing on a case like this, and will be considered presently.

There is but one remaining class of the cited cases, and it embraces this; and I come directly to the inquiry, what upon principle and authority should the court do where separate actions are brought and are pending for a joint trespass, and one is settled by an accord and satisfaction between the plaintiff and the defendant in that action?

I concede fully that such accord by a defendant in one action satisfies and extinguishes the cause of action in both. Here one has been discontinued pursuant to the accord; the other is pending, and what shall the court do with it? It was justifiably commenced for a good cause of action, and so pursued up to the time of the satisfaction of the trespass and the extinguishment of that cause. The plaintiff has incurred cost in the lawful, and *presumptively* in the *necessary* pursuit of his legal rights to obtain satisfaction for an injury; for as to the necessity of instituting and prosecuting this action, he was, and must be held to have been, the judge. Into that question we can not go. Having then *lawfully* and *necessarily* incurred those costs, is he to lose them? Nay more, is he to be punished for such necessary exercise of his lawful rights by an appeal to a higher court, the pleading of the general issue to make the trial more expensive, with a *certain* judgment against him, either on that issue, or on a plea of satisfaction, and a consequent certain heavy bill of cost? Can a court permit that without divesting itself of that " sense of equity " which must necessarily be its guide in the administration of the law—that " soul and spirit " by which, says Blackstone, " positive law is construed and rational law is made ? " All the law we have on this complex subject has been made by the exercise of that " soul and spirit," and without it the law never could have been adjusted to the various classes of cases I have specified. And an examination of the leading ones will show its operation on the minds of the judges as new questions arose. *Morton's case*, cited from Cro. Eliz., was not decided upon any precedent then existing. Wray, Ch. J.,

" conceived it *reasonable* (equitable) that the execution and satisfaction by one should discharge the other," and in that, after discussion, the others agreed. So Judge Kent, in *Livingston* v. *Bishop*, in overruling *Brown* v. *Wootton*, gave what he termed a " more *rational* rule ; " and in all the leading cases which are now authority, it is perfectly apparent that the courts have adopted the course which they thought " reasonable " or " rational," and these terms in the construing or making of strict law are synónymous with " equitable." In this case it was the duty of the defendant to pay and tender the cost in this action up to the time when the cause of action was extinguished, and then, if the plaintiff did not withdraw the action, to plead the satisfaction and aver the tender. But until those costs were paid it was in the power of the court to refuse or overrule his plea of satisfaction, (certainly if it did not allege a payment or tender of the costs, for it would not be a good plea without; *Francis* v. *Crywell*, 5 Barn. & Ald., 886,) and render judgment for nominal damages and cost. The power of the court to do so when the satisfaction is claimed and admitted, and there is no question but that of cost, I think unquestionable ; and if there was no precedent for it, I think we should make the law so, precisely as all the law on the subject has been made, by the honest and fearless exercise of our " sense of equity."

It has been urged that the plaintiff *voluntarily* accepted satisfaction for the trespass, and that he might then have insisted on the cost of this action. But that can not help the defendant. The plaintiff had a perfect right to pursue both actions, and to settle either. He could not enforce the collection of the cost of this suit in his action against Grumley, and therefore he waived no right and lost none. It was optional with him to take his damage before judgment, or after it had been ascertained on a default and hearing in damages, or by verdict ; and voluntarily, or by force of an execution. It was entirely immaterial when or how he got it. All that the defendant had any interest in was the consequent *satisfaction* for the trespass ; and all the interest the plaintiff afterwards had in this suit, however that satisfaction was obtained, was his

costs; and that interest he had a perfect right to retain and enforce against the defendant, by insisting that he pay the cost before he pleaded the satisfaction or suffer a verdict for nominal damages.

And the ruling of the court below is sustained by an irresistible preponderance of authority.

Of the two cases cited, bearing directly upon the question in favor of the defendant, one is *Bird* v. *Randall,* 3 Burrow, 1345. In that case Lord Mansfield did hold, that a judgment and satisfaction against one tort-feasor was a bar to another action pending at the time satisfaction was obtained, and gave judgment for the defendant. But the case was peculiar, was not against a *joint* tort feasor, and he distinguished it from a case like this. Moreover no question respecting cost was made, and the case determined nothing either way in respect to the law upon that subject. And if it did it would have been overruled by an unbroken series of subsequent decisions to the effect that a settlement or satisfaction of one of two actions pending against joint contractors, or joint tort feasors, or payment of a debt alone in a pending case between party and party, bars the cause of action, but not the right to nominal damages and cost. The leading case is *Toms* v. *Powell,* 7 East, 536. In that case the law was *assumed* to be so, and the only question made was whether the action was commenced and cost incurred or not *before* the payment of the debt. The jury found that fact, and rendered a verdict for nominal damages, and the case was affirmed in the King's Bench. 'Following that were three cases by Lord Ellenborough, *Horsburg* v. *Orme,* 1 Campb., 559, *Godard* v. *Benjamin,* 3 Campb., 331, and *Holland* v. *Jourdine,* 1 Holt *N. P.,* 6, and afterwards the case of *Francis* v. *Crywell,* 5 Barn. & Ald., 886. Mr. Byles, in his work on Bills, 4th Am. ed., from the 6th London ed., page 322, so states the law in relation to several parties to a bill of exchange or promissory note; and it does not admit of a doubt that such is the law and practice in England.

Nor is the current of authority less decisive in this country. It has uniformly been holden that when two judgments are

recovered, although but one execution can issue for damages, two may go for cost. It is said this is because the costs are actually recovered. But so is the debt; yet the court distinguish and separate that from the cost and permit execution for one only; and I apprehend that it is because equity requires it, and not because they have been recovered. In an old case in 1 Strange, 515, *Windham* v. *Withers*, a stay of execution was moved where the defendant had tendered the principal sum in one action and the cost in both; " which the court ordered accordingly, and said they would have laid the plaintiff by the heels if he had taken out execution upon both." In *Livingston* v. *Bishop*, before referred to, it was holden that the plaintiff was entitled to cost in all the pending actions to the time of satisfaction. The decision was rendered pursuant to a stipulation, and there was no necessity for, and no consideration of the question, whether or not he could have nominal damages as a basis for their recovery. But as they could be obtained in no other way I think that is implied. The English practice is followed in Pennsylvania, (*Tarin* v. *Morris*, 2 Dallas, 115 ;) in Vermont, (*Stevens* v. *Briggs*, 14 Verm., 44 ;) in Massachusetts, (*Whipple* v. *Newton*, 17 Pick., 168;) and I know of no decisions to the contrary. The defendant cites, as bearing on the question, *Brown* v. *Marsh*, 7 Verm., 327. But it is not applicable, and if it was would be expressly overruled by *Stevens* v. *Briggs*. In the last named case it was held that a judgment and satisfaction recovered in one of two suits, could not be pleaded in bar in the other *without payment of cost*, and that in such case the plaintiff might recover nominal damages and cost in the second suit. That decision covers the whole ground.

There have been two cases in this country, which, if they had not been overruled, would have sustained the claim of the defendant, which have not been cited on either side; *Gilmore* v. *Carr*, 2 Mass., 171, and *Farwell* v. *Hilliard*, 3 N. Hamp., 318. The latter blindly followed the former and fell with it. *Gilmore* v. *Carr* was one of two cases brought at the same time against separate parties to a note. Judgment and satisfaction were obtained in one case, and the question came up

whether the plaintiff could maintain his action for cost in the other, and it was holden that he could not. And it was said that when an indorsee· brought several actions against maker and indorser he did it at the peril of his cost, and a satisfaction of one would support a plea of non-assumpsit in the other. No authority was or could be cited, and the doctrine was anomalous. It made the plaintiff, who exercised an undoubted legal right, a wrong doer from the start. In *Porter* v. *Ingraham*, 10 Mass., 88, the question again came up, but the decision of the point was not necessary, and the court evaded it, and did not expressly overrule *Gilmore* v. *Carr*, but they exposed the error and injustice of it, and gave it a side-wind from which it never recovered. It has been regarded in that state and elsewhere, as well as its offspring, the case in New Hampshire, as substantially overruled. See 2 Parsons on Bills, 457, where it is so regarded, and where the law is stated without qualification to be as it is here claimed. I think I hazard nothing in saying that there is no case in this country, which is authority in the state where rendered, which sustains the claim of the defendant in this case, unless it be the remaining one cited of *Canfield* v. *The Eleventh School District*, 19 Conn., 529, and, unless I misapprehend that, it is perfectly decisive against him.

The case of *Canfield* v. *The Eleventh School District* was book debt and of course for a balance due. The auditors and the court found that it had been paid after suit brought. The plaintiff claimed his cost, and that he had a right to nominal damages to recover them, although the cause of action was extinguished, and the court so held and so advised the superior court on the authority of *Holland* v. *Jourdine*, 1 Holt N. P., 6. The court indeed said they permitted it because the payment had not been pleaded specially. If that was a legitimate reason in respect to an action of book debt, and where the payment after action brought was found by the auditor and court, and, for aught that appears, without any question respecting the admissibility of the evidence, (which was the point in *Holland* v. *Jourdine*,) ought not the court as a logical result to have disregarded the defense and given the plaintiff judgment on the merits, or granted a new trial ? They did

not do either, but they did give the defendant the benefit of the payment; and did advise that the plaintiff have judgment for nominal damages and his cost because of that payment. Why give nominal *damages*, instead of the debt or some fractional part of it, in an action of book debt? Because, and as I think only because, in their "sense of equity," and in accordance with the practice in England and here, the defendant can not bar an action lawfully commenced by a payment of the debt or damages only, (if he could he might do it by tendering them,) but he must pay or tender the cost also, or submit to nominal damages in order that the plaintiff may recover them. And so he must *plead*, even in book debt, the satisfaction, because he must plead *payment of cost*, as well as debt or damage. That was explicitly holden in *Francis* v. *Crywell*, supra, and is unquestionably the law, and if such had not been the plea here, if it had not averred payment of *all* damages, it would have been demurrable. True, if he obtains a *release* of all damages it is a bar; but that is because the terms "all damages" have been holden to include the cost. The case is a decisive authority for the ruling of the court below.

For these reasons I think the court below would have been justified on the conceded facts in directing the jury to return a verdict for the plaintiff for nominal damages.

New trial advised.