ALONZO STARKEY *vs.* FRED M. WAITE.

October Term, 1896.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Replevin—Effect of Verdict for Plaintiff.*

A verdict in replevin that the defendant is guilty, and a judgment thereon, without mention of damages or costs, establishes the plaintiff's right of possession and the defendant's wrongful taking and detention, and, by consequence, the plaintiff's right to at least nominal damages; and the clerk is justified in issuing an execution for such damages and costs, and if damages be omitted, the execution will not for that reason be set aside on *audita querela.*

AUDITA QUERELA to set aside an execution issued on a judgment of the Supreme Court for Windham County. The facts are stated in the opinion.

*Clarke C. Fitts* for the petitioner.

No express judgment for costs was rendered in either the county or supreme court. Hence, the question is, whether costs are incident to such a judgment as was rendered.

Even though costs in the supreme court were recoverable, yet the petition is well grounded since the execution covers the costs in both courts.

Replevin sounds in damages. If none are awarded the plaintiff by verdict or judgment he is not a "recovering party" within the meaning of the statute, and therefore is not entitled to costs. V. S. 1481, 1675, 5389; *Tyler* v. *Frost*, 48 Vt. 486; Cobbey, Replevin §§ 1149, 1054, 1074, 1075; *Stevens* v. *Briggs*, 14 Vt. 44.

The verdict of guilty would not necessarily carry with it even nominal damages. Cobbey, Replevin § 1853.

*Waterman, Martin & Hitt* for the defendant.

*Audita querela* cannot be maintained. *Lamson* v. *Bradley*, 42 Vt. 165.

The judgment of the county court having been affirmed in the supreme court cannot be disturbed on this petition. *Staniford* v. *Barry*, 1 Aik. 321; *Perry* v. *Morse*, 57 Vt. 509; *Griswold* v. *Rutland*, 23 Vt. 324; *Johnson* v. *Roberts*, 58 Vt. 599.

The statute in terms gives costs to the plaintiff in replevin if he prevails. If no proof of damages be made he is entitled to nominal damages. V. S. 1481. The judgment of the county court having been affirmed, the plaintiff was entitled to costs in the supreme court by force of the statute. V. S. 1632, 5389, 2596; *Bliss* v. *Little's Estate*, 64 Vt. 133.

The petitioner has no standing on *audita querela*, never having offered to pay that part of the execution which is not in question. *Johnson* v. *Roberts*, 58 Vt. 599; *Dodge* v. *Hubbell*, 1 Vt. 491; *Clough* v. *Brown*, 38 Vt. 179; *Rickard* v. *Fisk*, 66 Vt. 675.

Ross, C. J. This is *audita querela* to have an execution set aside, issued on a judgment, rendered by this court, at its January Term, 1896, in favor of the defendant against the plaintiff. In that action, the defendant caused to be replevied, a horse, on the claim that it was exempt from

attachment, which the plaintiff, as deputy sheriff, had attached on a writ in favor of a creditor of the defendant. The replevin suit was tried in the county court, by the jury, who returned a verdict,' "That the defendant is guilty in manner and form as the plaintiff in his declaration has alleged." On this verdict, a general judgment was rendered by the county court, in favor of this defendant. In terms, the judgment did not mention damages, nor costs, nor did the verdict, on which it was founded. This plaintiff brought the case to this court on exceptions, which are immaterial to questions now raised. In this court, the judgment of the county court was affirmed. When the clerk of this and the county court came to tax the costs, he included this defendant's costs not only in this court but in the county court, and included no damages, not even nominal damages. The plaintiff concedes that under the decision in *Bliss* v. *Little's Est.*, 64 Vt. 133, costs in this court were properly taxed in favor of the defendant, but contends, that, inasmuch as the jury returned no specific finding of damages, and the county court, in its judgment, made no mention of damages nor costs, the costs in that court were illegally and wrongfully taxed. In *Stevens* v. *Briggs*, 14 Vt. 44, it is held that the recovery of costs by a plaintiff are consequent upon his recovery of debt or damages in the suit. Hence it is necessary to consider what was the legal effect of the verdict of the jury and a general judgment of the county court thereon in favor of the defendant in the replevin suit. The statute has changed the pleadings in replevin from what they were at common law. Instead of *non cepit* or *non detinet*, and other pleas allowed or required by the common law, V. S. 1471 provides that in this class of replevin "the general issue shall be joined on the plea of not guilty." The plea puts in issue the plaintiff's right to the possession of the property replevied, and the wrongful taking and detention thereof by the defendant. Hence the verdict of the jury determined that the plaintiff was entitled to the

possession of the horse replevied, and that the defendant wrongfully took and detained it from him. When such is the finding of the jury, V. S. 1481 is, "the plaintiff shall have judgment for his damages caused thereby, and for his costs of suit." If no damages are shown by the evidence on trial, inasmuch as the verdict of guilty establishes that the defendant has invaded the plaintiff's right to the property replevied the law implies that the plaintiff is entitled to nominal damages. *Paul* v. *Slason,* 22 Vt. 231; *Fairbanks* v. *Kittredge,* 24 Vt. 9; *Fullam* v. *Stearns,* 30 Vt. 443; *Graves* v. *Severens,* 40 Vt. 640; *Cole* v. *Drew,* 44 Vt. 49; *Stevens* v. *Briggs,* 14 Vt. 44; *Bemus* v. *Beekman,* 3 Wend. 668; Cobbey on Replevin, §§ 1074 and 1075. The verdict of guilty conclusively established that the plaintiff invaded the defendant's right to the horse replevied, by attaching, taking, and detaining it from the defendant's possession. From the verdict the law gave the defendant nominal damages—no other damages being shown nor claimed in the trial before the jury—in the replevin suit. The general judgment, rendered thereon by the county court, and affirmed by this court, carried, if not in specific terms, by implication a judgment for nominal damages and costs agreeably to V. S. 1481. That the clerk in filing the execution omitted the one cent, or nominal damages, furnishes the plaintiff no just ground of complaint. He cannot for such omission have the execution set aside and held void because he has not been wronged, nor injured thereby. This view, without considering the other questions discussed, is conclusive against the right of the plaintiff to recover in this suit.

*Judgment for the defendant to recover his costs.*