ANTHONY SKUT, ADMINISTRATOR (ESTATE OF JOSEPH SKUT) *v.* THE HARTFORD ACCIDENT AND INDEMNITY COMPANY

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 20674

418

Memorandum filed October 7, 1953.

*Morris H. Broder,* of Colchester, for the Plaintiff.

*Charles V. James,* of Norwich, for the Defendant.

TROLAND, J.  This is an action to compel the defendant as the alleged insurer of one Emil Pugatch to pay a judgment for $10,000 rendered against Pugatch on November 22, 1949.  The circumstances which make the question involved unique are outlined below.

On December 8, 1945, one Jennie Boardman was the owner of a 1935 Buick sedan which was used by her and her husband and business partner as a taxi for hire in Colchester, Connecticut.  On said December 8, 1945, at about 11:45 p.m., said automobile was being operated by Emil Pugatch, and the plaintiff's decedent, Joseph Skut, was a passenger therein.  While the automobile was being driven northerly from Colchester, near the state police barracks, due to the negligence of the driver Pugatch the automobile crashed into a stone wall, rolled over an embankment, and the passenger therein, Joseph Skut, was thrown out of the automobile onto the ground.  Joseph Skut thereby received severe personal injuries from which he died.

Before December 8, 1945, the defendant Hartford Accident and Indemnity Company issued to Jennie Boardman a public automobile policy whereby it agreed, subject to certain limits, to pay on behalf of the insured, said Jennie Boardman, all sums which the insured should become obligated to pay by reason of the liability imposed upon her by law for damages because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile described in said policy. Said policy further provided that the unqualified word "insured," wherever used, included the named insured and, except where specifically stated to the contrary, also included any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile was with the permission of the named insured.

The plaintiff Anthony Skut was duly appointed administrator of the estate of Joseph Skut, and thereafter brought suit in this court against Jennie Boardman and Samuel Boardman and Emil Pugatch to recover damages for the death of Joseph Skut. It was alleged in said action that Jennie Boardman was the owner of the automobile, that it was used by her and her husband and partner as a taxi for hire, and that Emil Pugatch, who for a considerable period had acted as a driver of said taxi, was at the time of the accident operating it under general permission given to him as driver, servant, agent or employee of Samuel Boardman.

The Hartford Accident and Indemnity Company, as insurer of Jennie Boardman, provided counsel to enter and defend the case against Jennie Boardman and Samuel Boardman only. No entry of appearance was made by or on behalf of Emil Pugatch.

The position of counsel for the Boardmans, as revealed by the pleadings, was that Emil Pugatch was not the agent, servant or employee of the Boardmans and at the time of the accident was not operating the automobile under any general permission to do so. The negligence of Pugatch was admitted by them.

On October 20, 1949, in court, Pugatch being present, a motion for default for failure to appear was granted against him. The matter was fully explained to Pugatch by the court, including the possible consequences of a judgment. Pugatch did not desire counsel, intended to make no defense and stated he did not desire to oppose the entry of a default against him. The default was so entered. The case against the Boardmans thereupon was tried to the jury, the court stating that when the evidence was in the court would render judgment against Pugatch.

On the issues between Skut, administrator, and Jennie Boardman, submitted to the jury, the jury found for the plaintiff and assessed the damages he was entitled to recover of the defendants Jennie Boardman and Samuel Boardman at $5000. The court, having heard the evidence as it was presented to the jury, thereupon found that the damages plaintiff Skut, administrator, was entitled to recover of the defendant Pugatch, were $10,000. Judgments were entered accordingly. An appeal from the judgment against Jennie Boardman and Samuel Boardman was taken, and the judgment was affirmed. *Skut* v. *Boardman,* 137 Conn. 675. No motion to reopen the judgment against Pugatch was ever made and no appeal was taken therefrom.

After the decision on the appeal of Jennie Boardman and Samuel Boardman, there were, therefore, two judgments outstanding in favor of Anthony

Skut, administrator, for damages caused by the negligence of Pugatch, one against Jennie Boardman and Samuel Boardman for $5000, and one against Emil Pugatch for $10,000.

After a period of negotiation between counsel for Skut and counsel for the insurer of the Boardmans, on September 4, 1951, the Hartford Accident and Indemnity Company paid, on behalf of Jennie Boardman and Samuel Boardman, two checks, one dated August 30, 1951, payable to Anthony Skut, administrator, and Morris H. Broder, attorney, in the sum of $5000 in payment of the judgment in that sum entered on the verdict in that sum in the case of *Skut* v. *Boardman,* No. 17448 in the Superior Court for New London County, and the second payable to Anthony Skut, administrator, and Morris H. Broder, attorney, in the sum of $216.16 in payment of the costs in said Superior Court and on the appeal of said judgment to the Supreme Court of Errors.

The agreement and understanding between the parties concerning the above payments was reduced to writing and incorporated in a receipt reading in part as follows: "It is expressly understood that the acceptance of said sums shall not be a waiver or a relinquishment of the interest due on said judgment to the date hereof by said Anthony Skut, Administrator; and it is further understood that the acceptance of said Five Thousand ($5,000.) Dollars and costs shall not be a waiver or a relinquishment of any right which the said Anthony Skut has or may have on the judgment rendered in said action against Emil Pugatch, as to which last mentioned judgment said The Hartford Accident and Indemnity Co. does not admit liability."

The $10,000 judgment against Emil Pugatch has not been satisfied to the date hereof. The defend-

ant Hartford Accident and Indemnity Company has refused to pay the judgment against Pugatch for several reasons. The first is that the defendant claims Pugatch was not an "insured" person under the terms of the policy referred to above, because it says that at the time of the accident Emil Pugatch was not a driver, servant, agent or employee of said Boardmans, operating under an unrevoked general permission of the Boardmans to drive said automobile.

On this controverted question of fact submitted on the stipulations written and oral and on the evidence, the court finds that the actual use of the automobile by Emil Pugatch on the day and at the time in question was with the permission of the named insured Jennie Boardman, and that Emil Pugatch was and is an "insured" person under the terms of said policy.

The defendant insurer claims that the entry of judgment by the court for $10,000 after the jury's verdict against the Boardmans for $5000 is bad as a matter of general law, although its counsel can find no Connecticut cases in point. Defendant also claims that, having paid the judgment against the Boardmans, it has satisfied any claim that could be imposed on Pugatch or the insurer. Stated otherwise, it is defendant's contention that the payment of the judgment for $5000, although for a lesser amount and under reservations, satisfied the plaintiff's claim and voided or satisfied the default judgment.

In the original action there was involved a single injury, caused by the negligence of Pugatch, for which he the driver was liable, and for which his employers, the Boardmans were also derivatively responsible. Each therefore is liable and the claimant has the right to sue all in one action or each separately, but he does not have the right to multiply damages.

It has been the practice in this state to leave the assessment of damages after a default to the court rather than to the jury. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 35. In the original action the court (*Comley, J.*) determined to hear the evidence and fix the damages to be paid by Pugatch, and so notified him and he acquiesced in this procedure. At no time was any claim made on his behalf that this procedure was irregular.

On September 4, 1951, therefore, there were outstanding two judgments, equally valid, in favor of Skut, administrator, one against the Boardmans for $5000 and one against Pugatch for $10,000. The general rule is that there can be but one satisfaction of damages and where judgments are rendered against different persons for the same cause of action, payment of one is a satisfaction of all. *Ayer* v. *Ashmead,* 31 Conn. 447. Ordinarily this applies although the judgments differ in amount, and satisfaction of the smaller precludes collection of the larger, except as to costs. *Burkhardt* v. *Armour & Co.,* 115 Conn. 249, 257. It has been held, however, that where a plaintiff has two or more such judgments he may elect which one he will enforce and, therefore, of which he will receive satisfaction. 2 Freeman, Judgments (5th Ed.) § 1126. Also, a defendant against whom a judgment is outstanding has the right to pay the judgment and insist on its being satisfied of record.

In the present case we find an insurer of two defendants, against whom there were outstanding two judgments, resisting the payment of the larger judgment against Pugatch on the ground it was not bound to make payment and paying the smaller judgment, as it was bound to do and had the right to do to protect its assured, the Boardmans. The holder of the two judgments, Skut, desiring to secure payment of the larger judgment, was nonethe-

less bound to accept payment of the smaller one and to issue a satisfaction thereof to the Boardmans. In this dilemma, the qualified receipt and agreement mentioned above was executed.

The defendant now urges that under the rule laid down in *Ayer* v. *Ashmead*, 31 Conn. 447, the payment of the judgment against the master (Boardman) bars an action against the servant (Pugatch) on the judgment rendered against him in the same action. This claim is strongly fortified by the rule as stated in Restatement, 4 Torts § 886.

The late Chief Justice Wheeler in his concurring opinion in *Dwy* v. *Connecticut Co.*, 89 Conn. 74, 97, says, referring to the above rule: "This rule works injustice. Courts struggle to take a given case out of its grasp as the majority opinion vividly portrays." And further (p. 99): "That court best serves the law which recognizes that the rules of law which grew up in a remote generation may, in the fullness of experience, be found to serve another generation badly, and which discards the old rule when it finds that another rule of law represents what should be according to the established and settled judgment of society, and no considerable property rights have become vested in reliance upon the old rule."

The above opinion and the lengthy opinion of Chief Justice Prentice for the court, also in *Dwy* v. *Connecticut Co.*, 89 Conn. 74, therefore shows the light to guide in the determination of the present case. The apparent harsh rule laid down in *Ayer* v. *Ashmead*, supra, is explained, distinguished and really modified.

In *Dwy* v. *Connecticut Co.*, supra, the question was narrowed as to the operation of the accepted rule where the release given is not absolute in its terms but embodies in it a reservation of a right

to pursue others than the releasee. The court notes that leading cases in many jurisdictions are at variance. However, after an analysis of the conflicting opinions our Supreme Court of Errors has approved as the true rule of construction the reasonable one that the entire writing should be examined to discover the intent and meaning of the parties, and that when that intent is thus discovered effect should be given to it. *Dwy* v. *Connecticut Co.*, 89 Conn. 74, 83. Under the above ruling when the intent is not to give an absolute release, but only a qualified one, reserving the right to proceed to obtain full satisfaction by a resort to other parties, the effect of an absolute release should not be given to the writing.

I find that the parties did not intend that the payment of $5000 made September 4, 1951, should be in full satisfaction of the claims of Skut, and did not intend that the agreement of receipt and release entered into that day should be absolute, but did intend it to be qualified, reserving the right of Skut to proceed against Pugatch.

It is therefore ruled and held that in this case the plaintiff has the right to press his claim against Pugatch and those who stand in his place until the plaintiff has received full satisfaction for the wrong suffered.

This brings up the final question as to the amount of damages that the plaintiff can properly collect under our law. In determining this point, the court has decided to follow the decision of our Supreme Court of Errors in *Burkhardt* v. *Armour & Co.*, 115 Conn. 249, 257, and finds and holds that the peculiar circumstances of this case warrant, as reason and justice appear to indicate, that the judgment against Pugatch is valid and collectible against him and against his insurer the Hartford Accident and In-

demnity Company, but that the payment of $5000 and the costs heretofore made by the insurer of the judgment against the Boardmans for the same injury shall reduce the damages collectible under the judgment against Pugatch to the extent of the amount of such payment.

Judgment may enter for the plaintiff in accordance herewith.