# O'Hara *versus* Pennsylvania Railroad Company.

1. An order that all proceedings on a judgment shall be stayed, and that no writ of *habere facias possessionum* shall issue thereon, until the final determination of a pending proceeding, to assess damages for taking the land recovered, "*subject* to such further order of the court as the justice of the case may require," is not a final judgment, and is not removable by writ of error.

2. A writ of error will lie, to remove an order of court to stay an execution indefinitely upon a judgment.

3. No writ of error will lie until final judgment, before which it is powerless to remove the record of the inferior court.

WRIT of error to the District Court of *Allegheny county*.

This was an action of ejectment by the plaintiff in error, Mary O'Hara, against defendant in error, for a parcel of land in the Ninth ward of the city of Pittsburgh, containing about ten acres.

Defendant pleaded not guilty, whereupon issue was joined.

The cause came to trial, March 26, 1857, when the jury rendered a verdict in favor of the plaintiff, with six cents damages, subject to the opinion of the court on reserved questions.   The questions were argued, and the court entered the following judgment:

"And now, November 2, 1857, this cause came on to be heard on the questions reserved on the trial, and was argued by counsel, and thereupon, on consideration thereof, it was ordered that judgment be entered on the verdict in favor of the plaintiff, against the defendant, on payment of the verdict fee.   And it is further ordered, that all proceedings on said judgment shall be stayed, and that no writ of *habere facias possessionem* shall be issued thereon, until the proceedings now pending in the Court of Common Pleas of Allegheny county, in No. 48 of June Term, 1856, for the assessment of damages for the plaintiff's land,

taken by the said Pennsylvania Railroad Company, and embraced in the suit, are finally determined, subject to such further order of the court as the justice of the case may then require."

The entry of the judgment is the error complained of.

*Williams & Sproul* and *Shaler & Co.*, for plaintiff in error.

*Stokes* and *Hamilton*, for defendant in error.

The opinion of the court was delivered, January 3, 1859, by

STRONG, J.—If this case were properly before us, it would not be difficult to show, both that the District Court had authority to make the order which is assigned for error, and that it was properly made. The case is not, however, properly before us. The court below entered judgment upon the verdict in favor of the plaintiff, and at the same time, ordered that all proceedings on the judgment should be stayed, and that no writ of *habere facias possessionem* should issue thereon, until the final determination of a pending proceeding, to assess damages for taking the land recovered, " *subject* to such further order of the court as the justice of the case may then require." It is not doubted, that a writ of error will lie to remove an order to stay an execution indefinitely upon a judgment, for such an order is a final termination of the proceeding between the parties to the cause. But until final judgment, a writ of error will not lie ; 11 Co. 40 ; *Logan* v. *Jennings,* 4 Rawle, 355 ; *Pesh* v. *M'Grew,* 21 Wend. 667 ; *Mayberry* v. *Thompson,* 5 How. 121. Until then, it is powerless to remove the record of the inferior court. 2 Ld. Raymond, 1179, 1531.

The order to stay execution, which is complained of in this case, is not an indefinite denial of execution. It is only an interlocutory order, expressly *subject to such further order of the court as the justice of the case may require.* It is, therefore, not final. It contemplates further action by the court, and of course, is not removable by writ of error.

The writ of error is quashed.