NORFOLK LUMBER COMPANY *vs.* WILLIAM SIMMONS.

New Castle County, February Term, 1897.

**Trespass. Parties. Judgment.**—In trespass all trespassers are equally liable and may be sued jointly or severally or a part may be sued. Only one satisfaction may be had, but the recovery of judgment merely does not discharge those not sued.

**Same.**—Neither the mere recovery of judgment against one co-trespasser nor the

recovery of judgment and issuing of execution thereon unless it appears that payment or satisfaction has actually been made, is a bar to an action against another co-trespasser.

**Same.**—When a Sheriff was sued in trespass for taking in execution property not of the defendant, the fact that judgment had been recovered and execution issued thereon, in another State, against those with whom and under whose direction he acted was held no defence; it must appear that the execution was satisfied.

This was an action of trespass brought by the Norfolk Lumber Company against William Simmons. The defendant was the late Sheriff of New Castle county. While he was holding the office of Sheriff he seized under a writ of foreign attachment a lot of piling on the banks of the canal near Delaware City as the property of the defendant in the writ.

The plaintiff in this suit, the Norfolk Lumber Company, claims the piling seized as its property and brought this action of trespass against the defendant on the ground of seizure. The *narr* contained several counts, but was substantially a declaration in the usual form for the seizure of goods and chattels which were the property of another and not of the defendant, alleging that the "defendant, then being the Sheriff" seized, etc. To this declaration there were several pleas, those of which the consideration is material being in substance as follows:

The third plea in effect alleged that the trespasses complained of in the declaration were committed by the defendant "under the direction of and jointly with the said James E. Simpson, James E. Simpson, Jr., Alfred H. Simpson and William E. Simpson and not otherwise;" and that the plaintiff in this suit brought suit in the Supreme Court of New York, in Kings county of that State, against the said William E. Simpson, James E. Simpson, Jr., Alfred H. Simpson and James E. Simpson for the trespasses complained of and recovered judgment against them; "that the judgment still remains in force and that there never was any seizing or taking of the said goods, &c., other than what was done under the

direction of and jointly with the said James E. Simpson, James E. Simpson, Jr., Alfred H. Simpson and William E. Simpson."

The fourth plea alleged exactly the same facts as the third, in exactly the same language, except that after reciting that the judgment was recovered by the plaintiff in this suit against the Simpsons, there is an allegation to the following effect:

" That on or about the...........day of...............A. D. 1893, execution was duly issued upon said judgment."

To these pleas the plaintiff demurred, both generally and specially. The causes of demurrer to the third plea were briefly as follows:

(a) " That the plea attempts to put in issue matters not necessary to be alleged, is no answer to the declaration, and is evasive and argumentative."

(b) " That the plea contains no allegation that any execution was ever issued on the judgment mentioned, or that any goods and chattels were ever seized and taken in execution in satisfaction of the judgment."

(c) " That the plea doth not allege that the plaintiff ever received satisfaction in whole or in part on the judgment."

(d) " That the plea doth not allege that the plaintiff ever received satisfaction for the trespasses complained of in the declaration."

The causes of demurrer specially alleged to the fourth plea were briefly as follows :

(a) " That the defendant has attempted to put in issue facts not necessary to be alleged, that it is no answer to the declaration, but is evasive and argumentative."

(b) " That the plea doth not allege that the judgment mentioned was ever satisfied in whole or in part in any way or manner."

(c) " That the plea doth not allege that the execution issued on the judgment was ever returned."

(d) "That there is no allegation that under the execution issued that any goods and chattels were ever seized and taken in execution or that any lands and tenements were ever levied on or that the goods were still detained, or that the plaintiff ever obtained satisfaction or payment under the execution."

(e) "That there is no allegation that the plaintiff ever received satisfaction for the trespasses complained of."

*Higgins & Churchman*, for the plaintiff, contended that the defendant, by these pleas, in an evasive and argumentative way, attempts to plead that the plaintiff in this suit has received satisfaction for the trespasses for which this suit was brought. But, instead of alleging directly that such was the case, he attempts to allege it by stating that this defendant acted under the orders of certain other persons, and that those persons had been sued, that judgment had been obtained against them, and that an execution had been issued, and that there were no other trespasses committed except under the direction of these third persons. The plea is therefore evasive and argumentative and as such is *bad*. 1 Chitty, Pl. 573.

The only possible effect of these two pleas as an issue in this case must be that they sufficiently show or are sufficient allegations to show that the plaintiff in this suit has received satisfaction and payment for the trespasses complained of.

The allegations, when admitted, do not constitute payment or satisfaction in the law. The allegations that the judgment was obtained and that execution was issued thereon, do not constitute any satisfaction or payment whatever; nor can it be reasoned therefrom that because the judgment was obtained and an execution issued *ipso facto* the judgment was satisfied, or that the plaintiff received payment. The law on this point, so far as this State is concerned, is fixed by statute. Section 2 (Rev. Code, 849) of an act entitled "An Act in Relation to the Execution of Judgments in Civil Actions," being Chap. 451, Vol. 2, Laws of Delaware, is as follows:

" That no judgment shall be deemed to be paid or satisfied, in whole or in part, by a levy on execution process, unless it appear otherwise than by the fact of such levy, that such payment or satisfaction has been made."

But we contend that what constitutes payment and satisfaction of a judgment obtained in the State of New York, must be ascertained from the law of that State.    The law is well settled by a long line of decisions, that even a levy upon goods and chattels to the full amount of the judgment and the return thereof by the Sheriff, does not constitute a payment and satisfaction absolutely, but only raises a presumption of that fact.  *Sheppard vs. Rowe et al.*, 14 Wend. 260 ;  *Green vs. Burke*, 28 *id.* 490 ;  *People vs. Hopson*, 1 Den. 574 ;  *Ostrando vs. Walter*, 2 Hill 329 ;  *Waddell vs. Elmendorf*, 5 Den. 447 ;  *Peck vs. Tiffany*, 2 N. Y. 451 ;  *Denvrey vs. Fox*, 22 Barb. 522 ;  *McBride vs. Farmers Bank*, 28 Barb. 476.

It will be observed in these pleas that the defendant does not even go that far, but simply alleges that there was a judgment obtained and an execution issued.  No case can be found laying down the law that, in the first place, where only a judgment is obtained that it constitutes payment and satisfaction, or secondly, that where the judgment has been obtained and an execution issued, that it constitutes payment and satisfaction.    *Cloud vs. Temple*, 5 Houst. 587 ;  *Farmers Bank vs. Leonard*, 4 Harring. 536.

Again, a judgment against one joint trespasser is no bar to a suit against another for the same trespass.    Nothing short of full satisfaction or that which the law must consider as such, can make such judgment a bar.    Therefore it must follow that a plea which only alleges such a judgment and an execution without also, in the same plea, alleging that satisfaction has been obtained, is bad.    *Lord et al. vs. Tiffany*, 98 N. Y. 412 ;  *People vs. Tweed*, 5 Hun 382 ;  *Livingston vs. Bishop*, 1 Johnson 290 ;  *Osterhout vs. Roberts*, 8 Cowen 43 ;  *Sheldon vs. Kibbe*, 3 Conn. 214 ;  *Sanderson vs. Caldwell*, 2 Aiken 195 ;  *Elliott vs. Porter*, 5 Dana (Ky.) 299, affirmed in *Sharp vs. Gray*, 5 Munroe 4 ;  *Blann vs. Cochran*, 20

Ala. 320; *Knott vs. Cunningham,* 2 Sneed 204; *Page vs. Freeman,* 19 Mo. 421; *Floyd vs. Browne,* 1 Rawle 125; *Elliott vs. Hayden,* 104 Mass. 180; *Knight vs. Nelson,* 117 Mass. 458; *Lovejoy vs. Murray,* 3 Wallace 1; *Livingston vs. Bishop,* 1 Johnson 290.

Other cases in which the rights of joint trespassers were considered and the above doctrine was held, are as follows: *Sessions vs. Johnson,* 95 U. S. 347; *American Bell Telephone Co. vs. Albright,* 32 Fed. Rep. 287; *Preston vs. Hutchinson,* 29 Vt. 144; *Stone vs. Dickinson,* 5 Allen 29; 81 Am. Dec. 727; *Atlantic Dock Co. vs. Mayor,* 53 N. Y. 64; *United Society vs. Underwood,* 11 Bush 265, 21 Am. Rep. 214; *Turner vs. Hitchcock,* 20 Iowa 310; *Williams vs. Sutton,* 43 Cal. 65; *Collard vs. Delaware, L. & W. R. Co.,* 6 Fed. Rep. 246; *Smith vs. Rines,* 2 Sumn. 338; *Jones vs. Lowell,* 35 Me. 541; *Chamberlin vs. Murphy,* 41 Vt. 110; *Sprague vs. Waite,* 19 Pick. 455; *Savage vs. Stevens,* 128 Mass. 254; *Ayer vs. Ashmed,* 31 Conn. 453, 82 Am. Dec. 154; *Marsh vs. Berry,* 7 Cow. 344; *Allen vs. Craig,* 13 N. J. L. 294; *Bloss vs. Plymale,* 3 W. Va. 393, 100 Am. Dec. 752; *Griffie vs. McClung,* 5 W. Va. 131; *Whittaker vs. English,* 1 Bay 14; *Hawkins vs. Hatton,* 1 Nott. & M. 318, 9 Am. Dec. 700; *Brooks vs. Ashburn,* 9 Ga. 297; *Du Bose vs. Marx,* 52 Ala. 506; *Wallace vs. Miller,* 15 La. Ann. 449; *McGehee vs. Schafer,* 15 Tex. 198; *Wright vs. Lathrop,* 2 Ohio 35, 15 Am. Dec. 529; *Jack vs. Hudnall,* 25 Ohio 255; 18 Am. Rep. 298; *Brady vs. Ball,* 14 Ind. 317; *Fleming vs. McDonald,* 50 Ind. 278; *Osterhout vs. Roberts,* 8 Cow. 433.

In *Am. Bell Tel. Co. vs. Albright,* 32 Fed. Rep. 287, Bradley, J., said: By the English rule a mere judgment against one joint trespasser or wrong doer is a bar to a recovery against the others. In this country there must be both recovery and satisfaction.

It will be seen from the foregoing cases that it has been held in the following seventeen States that *judgment without satisfaction is no bar,* viz.: New York, Connecticut, Kentucky, Alabama, Tennessee, Missouri, Pennsylvania, Massachusetts, Iowa, California, Maine, Vermont, West Virginia, Georgia, Louisiana, Texas, Ohio.

To all of these States must be added the great weight to be given the unanimous decision of the Supreme Court of the United States. The Federal Courts have also followed the same doctrine.

Only two States, Rhode Island and Virginia, decide that a judgment alone is a bar. These are the only two cases which we have been able to find, and they are the only cases which are cited in Freeman and Black on Judgments.

That judgment and execution is not a bar has been held in the following States: New York, Connecticut, Massachusetts, Pennsylvania, Kentucky, Missouri, Tennessee, West Virginia, also the Supreme Court of the United States.

That judgment and execution is a bar, but that judgment alone is not, has been decided in two case in Maine, one in Indiana, one in Alabama and one in Michigan.

Therefore it must follow according to the large preponderance of authority in this country that judgment recovered against one trespasser and execution issued thereon without satisfaction is not a bar to a subsequent action against a co-trespasser, and both by our own law and by the law of New York where the judgment pleaded in bar was recovered the mere issuing of an execution is not a satisfaction. In this case the pleas not alleging that satisfaction for the injury complained of has been received, that the pleas are no bar and are *bad*.

*Nields*, for defendant.

First. A judgment against a tort-feasor is a bar to an action against a joint tort-feasor. The reasons for this rule of law are

1. There is but one cause of action, and this cause of action is merged in the first judgment. This rule conforms to the policy of the law.

(a) To prevent vexations and multiplicity of suits.

(b) To prevent the prosecution of separate suits before different juries against numerous parties and the assessment of different amounts of damages in each case.

2. *A fortiori*, a judgment *with execution* against a joint tort-

feasor is a bar to an action against another joint tort-feasor. Chitty, Pl. 89 ; *Ward vs. Bailey,* 4 Taunt. 87 ; *King vs. Hoare,* 13 M. & W. 498 ; *Brinsmead vs. Harrison,* 7 L. R. 547 ; Pollock, Torts 170 ; *Hunt vs. Bates,* 7 R. I. 217 ; *Livingston vs. Bishop et al.,* 1 Johns. 289 ; *Fleming vs. McDonald,* 50 Ind. 278 ; *Wilkes vs. Jackson,* 2 Mamming & Mumford 355 ; *Smith vs. Sington,* 2 Mc-Mullen 320 ; *Allen vs. Wheatley,* 3 Blackf. 332

We present well-considered cases in the highest Courts of six States, viz.: Maine, Rhode Island, Indiana, Virginia, South Carolina and Alabama, backed by the settled law of England as declared by its highest Courts, as against the decisions of the Courts in nine States, viz.: New York, Connecticut, Vermont, Ohio, Kentucky, Tennessee, Missouri, Iowa, and the Supreme Court of the United States.

Second. In trespass as upon a joint and several contract, the plaintiff must elect either to sue all of the defendants jointly or sue them severally. When the action is joint as well as several, the plaintiff must pursue either his joint or several remedy.

Courts everywhere in this country agree that the injured party in trespass may proceed against *all* the wrong-doers *jointly,* or he may sue them all or any one of them, separately ; but if he sues them all jointly and has judgment, he cannot afterwards sue any one of them separately ; or if he sues any one of them separately, and has judgment, he cannot afterwards seek his remedy in a joint action, because the prior judgment against one is in contemplation of law, an election on his part to pursue his several remedy. *Sessions vs. Johnson,* 95 U. S. 348.

This case was decided in 1877, after the case of *Murray vs. Lovejoy,* 3 Wall. 1.

In this case the plaintiff having made his election by bringing a joint action, is now precluded from pursuing his several remedy.

It is the universal rule of law in England and in the United States that where a contract is joint and several and the plaintiff proceeds against more than one and less than all of the joint con-

tractors and recovers judgment, he cannot thereafter proceed against the joint contractors not included in the first action.  Why?  Because, as was said in the case of *Reybold vs. Parker*, " If the plaintiff should have recovered judgment previously against Felton, Harlan and Lane (three of the four joint contractors), Parker could have pleaded that judgment in bar in a suit against him severally, and thus have defeated the action because the judgment against him would in law have merged the cause of action against him." In an action of trespass, the plaintiff can sue the tort-feasors jointly or he can sue each one of them severally, but when he elects to sue four of five tort-feasors jointly he cannot thereafter proceed against the one omitted in the joint action.

1. For the reason stated in *Reybold vs. Parker*, 7 Houst. 546 ; the cause of action was merged in the judgment.

2. It was the right of the plaintiff to elect who should be included in the joint action, and having so elected he was bound by his election, precisely as he is in an action upon a joint contract where he brings a suit against a part of the joint contractors and no plea in abatement is interposed.

3. The declaration is fatally defective in that it alleges the trespass to have been committed by William Simmons as Sheriff, in seizing, attaching and taking certain goods and chattels of the plaintiff and converting and disposing of the same to his own use, whereby the same were wholly lost, etc., but does not anywhere allege that he acted unlawfully or in violation of his duty as Sheriff. There are no facts or circumstances alleged in the declaration, from which the Court can infer that he acted unlawfully.  To which declaration the defendant has pleaded that the alleged trespasses in all of the counts mentioned were committed by the defendant, Sheriff as aforesaid, under the direction of and jointly with James E. Simpson, James E. Simpson, Jr., Alfred H. Simpson and William E. Simpson and not otherwise, and defendant in his plea defends as Sheriff, to which plea the plaintiff has demurred.  The plaintiff

cannot now ask the Court to treat as surplusage an allegation made material by the plea.

*Higgins,* for the plaintiff, in reply. If there has been any defect in stating the trespass in the declaration the defect has been cured by the defendant's pleading over to the declaration.

1 Chitty, Chap. 10, 671, says, "A defect in pleading is *aided,* if the adverse party *plead over* to, or answer the defective pleading in such a manner that an omission or informality therein is *expressly or impliedly* supplied, or rendered formal or intelligible." And again on p. 672, "There are many cases in which it has been held that where a particular fact has been informally alleged, and the opposite party *in pleading over,* admits the particular fact, either by pleading to some other matter alleged in the defective pleading; or by pleading in confession and avoidance of the matter so informally alleged; the defect will be aided by the admission resulting and to be collected from such subsequent pleading." Com. Dig. Pleader, C. 85, E. 87; 1 Barnewall & Creswell 29; 3 *id.* 192; Stephens, Pl. (2 ed.) 178; *Muscot vs. Ballet,* Cro. Jac. 370; 2 Saund. 324, 328; 3 Lev. 393; *Matthewson vs. Rowe,* Cro. Jac. 125, 668, 682; Com. Dig. Pleader, E. 37; *Courtney vs. Greenville,* Cro. Car. 209.

In this case the defendant has pleaded in confession and avoidance.

The defendant has also stated in his pleas that the trespasses were committed (if any were committed) "under the direction of and jointly with James E. Simpson and others." Thus putting himself in the same position as the Simpsons, who were sued for the same trespasses and judgment recovered against them. As the declaration alleges that the defendant in this suit took the goods of the plaintiff, and as the defendant admits that the trespasses were committed under the direction of and jointly with the Simpsons, the Simpsons could not take the property of the plaintiff, except unlawfully; therefore by these pleas the Sheriff admits that he acted unlawfully when he admits that he acted with them.

It can be but a mere possibility and no presumption that this defendant, then Sheriff, had a writ in his hands against the plaintiff, therefore it would follow that it was unnecessary for the plaintiff to allege that the defendant "*unlawfully*" took the goods, for it should come properly from the defendant when he is charged with taking and converting goods, to reply that he took them lawfully, to wit, by virtue of a writ against the plaintiff. It is sufficient for the plaintiff to allege that his goods have been taken, and it is then for the defendant, as Sheriff, to say that he took them under a writ.

In framing the declaration the plaintiff cannot assume or presume that the defendant had a writ in his hands and anticipate his plea by charging that he unlawfully took the goods. Again, should the plaintiff declare that the Sheriff took the goods unlawfully, which might put in issue as a matter of fact that which would be a matter of law, for whether or not the Sheriff takes goods lawfully or unlawfully is a question of law. When he is charged with the taking he can reply what he did, and under what authority. Whether it was legal or not is a question of law for the Court.

These points all go upon the assumption that admitting, for the sake of argument, that the declaration is defective, which we do not at all admit, but claim that from all the forms in all the books, no form can be found nor any authority be cited to the effect that it is necessary to allege unlawful taking, such defect is cured by *pleading over*.

CULLEN, J., (delivered the opinion of the Court.)

The *narr* filed in this case is in trespass, in the usual form for taking certain goods and chattels, which it is alleged were not the goods and chattels of the defendant, but were the property of other parties.

In the third and fourth pleas the defendant has set up the defence in substance, that the plaintiff has prior to instituting this action, brought suit in another jurisdiction against James E. Simpson, James E. Simpson, Jr., Alfred H. Simpson and William

Simpson, who were joint tort feasors with him in committing the alleged trespass, and alike liable jointly and severally, for said supposed trespasses in this declaration mentioned, and recovered judgment therein against them for some eighteen hundred and forty-five dollars as damages, etc., which judgment still remains in full force.

The fourth plea is the same as the third, but alleges that an execution was sued out on said judgment.

To these pleas the plaintiff has demurred generally and specially. The question, therefore, which we are called upon to decide is whether the facts alleged in said pleas constitute a bar to the cause of action as set forth in the several counts in said declaration to which said pleas apply. In other words, is the recovery of judgment merely against four tort feasors, when there are other tort feasors, a bar to recovery against those not sued.

It is admitted and cannot be denied, that in trespass all trespassers are equally liable, and may be sued jointly or severally, or that a part may be sued. The English and American authorities are uniform in this, and they are alike uniform that but one satisfaction can be had. The recovery of judgment merely does not satisfy a debt, and if all joint trespassers are liable jointly and severally to satisfy the debt, on what principle can those not sued be discharged, when the judgment merely is recovered, which constitutes no satisfaction? It has been said that unless recovery against a portion be not a bar against those not sued it results in vexatious suits, but the object of the law is to promote the ends of justice, and without satisfaction this cannot be done but amounts to a miscarriage of justice. The doctrine laid down in this country, proceeds on this principle, that all are liable until satisfaction, while the English doctrine proceeds upon the principle, that the party plaintiff may make his election, and having done so, is precluded against further suits against trespassers not sued.

An examination of the English cases, however, clearly shows that after all, the party is entitled to satisfaction. There may be a reason for the diversity of ruling on this question in this country

and England, founded on the fact that in England all parties are under the jurisdiction of the English Court, and hence it is laches on the part of the plaintiff, if he sue not all joint trespassers, or sufficient to make good his satisfaction, and unnecessarily increase the number of actions, but in this country it is different; all the co-trespassers may not reside in one and the same jurisdiction, and hence from necessity may be driven to suits in different jurisdictions. If there were three co-trespassers, and each one resided in a separate state, and the cause of action justified the recovery of damages in an amount, such as would absorb the entire estate of all three co-trespassers, then in that case, in this country, if recovery had in one state be a bar to actions in other states against the remaining two co-trespassers, the plaintiff would be precluded by such a law from obtaining satisfaction of his damages. Not so in England, for the Courts have jurisdiction throughout the country and all defendants may be reached by process from one Court. Many of the Courts throughout our country where this question has arisen have by their ablest judges decided that a mere recovery of judgment against one co-trespasser is no bar to an action against another co-trespasser. Chief Justice Kent in *Livingstone vs. Bishop*, 1 Johns. 290; *Lovejoy vs. Murray*, 3 Wall. 1; in both of which cases all the English decisions are carefully and fully reviewed. The reasons upon which the cases cited rest are in our opinion, the true and only grounds by which justice may be done and satisfaction had in such cases, and we unhesitatingly adopt their rulings.

The defendant contends in his said fourth plea, that not only was judgment recovered against a part of said co-trespassers but that execution was sued out thereon, and, hence, that the rendition of judgment, and execution thereon is a satisfaction of the debt, and constitutes a bar to this action. We fail to see that the mere issuing of execution affects more than the recovery of judgment. It is true at common law the issuing of execution and levy is *prima facie* a satisfaction of a judgment, but it may be rebutted, by the return, and besides we have an express statute, long after

the decision of our Courts on this question, in the 11th Vol. of Del. Laws, which expressly provides, " That no judgment shall be deemed to be paid or satisfied, in whole or in part, by a levy or execution process, unless it appear otherwise than by the fact of such levy, that such payment or satisfaction has been made."

It is also insisted by the defendant, that though his pleas should not be deemed sufficient in law, by the Court to constitute a bar to the cause of action in the said counts in said declaration mentioned, yet, the declaration is defective in substance, since it does not aver an unlawful taking, and this being a demurrer, the Court will according to a well established rule of law, go back, and strike the first bad pleading. This principle of law is undoubtedly correct, but to do so the alleged pleading must be bad. We have carefully examined the usual forms of declaration in trespass in cases of a like character, and in no case find the averment differing from the form followed, and there is no reason why the taking and seizing should be averred as unlawful.

We therefore give judgment in favor of the demurrants.

*Nields*, for the defendant, I apprehend that I am entitled to a writ of error.

*Higgins*, for the plaintiff. Writs of error in Delaware and supersedeas on security given are regulated by the Constitution, Art. 6, § 19, and Revised Codes, Chap. 106, § 17.

A writ of error will not lie to the decision of a Court granting or refusing a nonsuit. *May vs. Curry*, 4 Harring. 265; *Pettijohn vs. Bloxon*, 1 Houst. 547.

The provision of the Constitution of Delaware, Art. 5, § 19, is only permission and not mandatory. It merely says, that a writ of error " shall be no stay of proceedings in the Court to which the writ issues unless the plaintiff in error shall give sufficient security to the approver by a judge of the Court to which the writ issues. It does not say that " upon giving sufficient security there shall be a stay of proceedings."

Security thereupon only supplies that single condition to a supersedeas. It does not abolish or repeal this other condition laid down by the Courts thereto for the administration of justice namely, (1) that the judgment must be final; (2) that it must not appear to be for delay or vexatious. A writ of error brought when the judgment for the plaintiff or the demurrers to the third and fourth pleas being merely interlocutory and not final, is but vexatious and can only be brought for the purpose of delay and so should not be permitted by the Court to act as a *supersedeas.*

Proceedings in error are only allowed to review first judgments. Powell, App. Pro. 187, § 109; *U. S. vs. Bailey,* 9 Pet. 272; *Kelly vs. Hunter,* 12 Ohio 249; *Kelley vs. Stanberry,* 13 *id.* 421; *Bradley vs. Bearp,* 4 Ind. 186; *Knapp vs. Marshall,* 26 Ill. 63; *Hobbs vs. Beckinth,* 6 Ohio 262.

This rule excludes all decisions in interlocutory judgments and orders in the progress of the case to be considered in error before the first judgment. Powell, App. Pro. 188, § 111; *Cathcart vs. Commonwealth,* 37 Pa. 108; *O'Hara vs. Penn,* 2 Grant (Pa.) 241; *Kelly vs. Stanberry,* 13 Ohio 408. After final judgment and before execution, executed a writ of error is, generally speaking, *ad supersedeas* of execution from the time of its allowance, provided bail, when necessary, be put in *ad supersedeas.* 2 Tidd, Prac. 1145.

A judgment for the plaintiff on demurrer is interlocutory merely and not final when the action sounds in damages, as in trespass trover, assumpsit, covenant, etc. 1 Tidd, Pr. 568. The plaintiff ought to recover his damages leaving the amount of them to be afterward ascertained. *Id.*

The proceedings which can be superseded by a writ of error, and which alone are contemplated, are confined to executions or actions of *scire facias* or other proceedings to affect an execution. No case can be found where a writ of error acted as a supersedeas so as to delay, hinder or obstruct the case going on to a final judgment.

A writ of error regularly sued out is a supersedeas of execution in the King's Bench from the time of its allowance or in the Common Pleas from the delivery of it to the clerk of the errors, provided bail when requisite be put therein in due time.

But if it be apparent to the Court that the writ of error is brought merely for delay, they will not stay the proceedings. How this is to be made out depends upon the circumstances of each particular case. 1 Tidd, Pr. 530.

PER CURIAM. We think this is not a judgment to which a writ of error would lie.